[No. 7937.    Department Two.    August 26, 1909.]

LUCY COLLINS et al., Respondents, v. HAZEL LUMBER COMPANY, Appellant.[1]

CORPORATIONS—ACTIONS AGAINST—VENUE—ADMISSIONS AFFECTING —"DOING BUSINESS." An allegation in a complaint that the defendant is a domestic corporation "doing business" in the county of the venue, admitted by the answer, is sufficient to confer jurisdiction upon the court of that county; although the president was served in another county, and Bal. Code, § 4854, requires actions against a corporation to be commenced in any county where it "has an office for the transaction of business," or where any person resides upon whom service could be made.

NEGLIGENCE—PREMISES—INVITATION TO USE—RIGHT TO THE LAND —WAY AROUND OBSTRUCTIONS.    One who obstructs a public road, and builds a road around the obstruction upon the lands of another, thereby invites the public to travel thereon; and he is not relieved from liability for negligence in failing to provide a reasonably safe way by the fact that he had no right on the land, and that travelers thereon would be trespassers.

[1]Reported in 103 Pac. 798.

APPEAL—REVIEW—VERDICT—DEATH—CAUSE.    The verdict of a jury upon conflicting evidence as to whether a death was caused by the bad condition of a road or the intoxication of the deceased, is conclusive on appeal.

APPEAL—REVIEW—HARMLESS ERROR.    The refusal to strike out hearsay evidence of no importance to the case is not prejudicially erroneous.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 17, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for the death of a traveler upon a defective highway. Affirmed.

*Rose & Craven, Bell & Austin,* and *Dorr & Hadley,* for appellant.

*E. C. Dailey,* for respondents.

MOUNT, J.—The plaintiffs recovered a judgment in the court below on account of the death of Alfonzo Collins, husband of the plaintiff Lucy Collins, and father of the two minors named. The defendant appeals from that judgment.

It appears that in the month of August, 1907, the servants of appellant cut down two large trees. These trees were felled across a county highway leading from Darrington to Arlington, in Snohomish county. Thereupon the appellant caused a road to be constructed around these trees. This road was constructed upon private property not belonging either to the appellant or to Snohomish county. On August 29, 1907, Alfonzo Collins, in company with one James Stevens, while traveling on the county highway with a wagon and team of horses, came upon these trees across the highway. Upon examination they discovered the way around the obstruction, which way had been constructed as above stated. They saw that this way had been used by other wagons and they attempted to use it. While doing so, the wagon was overturned and Alfonzo Collins was killed, and this action was subsequently brought. The appellant and Snohomish county were

originally made parties defendant. The summons and complaint were served on the president of the appellant company personally in Whatcom county. Subsequently by a stipulation Snohomish county was dismissed from the action, and an amended complaint was filed in which it was alleged that the appellant "was and is now a corporation organized under and by virtue of the laws of the state of Washington, and doing business in Snohomish county." The appellant appeared in the action and demurred to this complaint, upon the grounds that the court had no jurisdiction of the subject-matter, no jurisdiction of the person of the appellant, and that the complaint did not state facts sufficient to constitute a cause of action against the defendant. This demurrer was overruled and appellant answered, but did not deny that it was a domestic corporation doing business in Snohomish county. When the case came on for trial to the court and a jury, appellant again objected to the introduction of any evidence, for the reason that the court had no jurisdiction either of the subject-matter or of the corporation. This objection was also overruled.

Upon this appeal counsel now argue that because the complaint does not show that the appellant *"has an office"* in Snohomish county, and because it is shown by the return of service of the summons and complaint that the president of the appellant company was served in Whatcom county, that, under the rule of the statute, Bal. Code, § 4854 (P. C. § 310), in force at the time the action was begun, the court had neither jurisdiction of the subject-matter nor of the person of the appellant. The statute provides, "An action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation." And it was held in *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, that where the action was not brought in the county where the corporation has an office or where some person resides upon

whom service may be made, the court has no jurisdiction to enter a judgment. This rule was followed in *Hammel v. Fidelity Mut. Aid Ass'n.*, 42 Wash. 448, 85 Pac. 35, and later in *Whitman County v. United States Fidelity & Guaranty Co.*, 49 Wash. 150, 94 Pac. 906. In these cases it affirmatively appeared that neither condition existed. In the case at bar it is alleged and is admitted that the appellant is a domestic corporation "and doing business in Snohomish county."

While this allegation does not say specifically that the corporation "has an office for the transaction of business" in Snohomish county, or that any person upon whom process may be served resides in that county, a liberal construction, which must be given to the language used, is manifestly equivalent to saying that the appellant has an office in Snohomish county. Appellant says that a corporation may have an office in one county and may do business in another county, which is no doubt true; but where it is alleged and admitted that a corporation is a domestic corporation "doing business in Snohomish county," the inference is clear that its principal office is located there, and this is sufficient to show jurisdiction in the courts of that county. If the fact were otherwise, it would have been a very easy matter to have shown, and thus brought the case within the rule of the cases above cited. This was not done. The appellant appeared generally in the case and went to trial without showing, or attempting to show, that an office was not maintained in Snohomish county; and there is nothing now in the record bearing upon the question except the admission that the appellant is doing business in Snohomish county, and except the president of the company was personally served with process in Whatcom county; but this fact does not necessarily show that the president resided in Whatcom county, or that the corporation did not maintain an office at the place where it was doing business. We think the presumption must be, in the absence of any showing to the contrary, that the principal office of the

corporation is at the place where it is doing business. It is true that the legislature, since the trial of this case, has amended Bal. Code, § 4854 (P. C. § 310), by providing that an action against a corporation may be brought in any county where the corporation transacts business. Laws 1909, p. 69. While this amendment may infer that an office may be maintained in one county and business transacted in another, yet the allegation and admission above referred to, aided by liberal construction, must mean that an office is maintained where business is transacted. We think the allegations of the complaint were, therefore, sufficient to confer jurisdiction upon the court of Snohomish county.

Appellant argues that the court erred in instructing the jury upon the question of invitation to travel over the way around the obstruction on the public highway. The instruction given is as follows:

"By an invitation to travel over a road is not meant a formal invitation. It is not necessary to show that they told anybody they could go over the road or that they published any notices that people could go over the road, but you have a right to take into consideration all the surrounding circumstances and, from those circumstances, determine whether it was intended that this particular road should be used by the public. If the circumstances were such that the ordinarily intelligent and observing person would believe, from the circumstances and what he could see, that it was intended that this road was to be used by people travelling along the county road to get around an obstruction in the county road, then that is sufficient to show an invitation. In considering that matter you would have a right to take into consideration whether or not the public road, at or near this place, was obstructed by the defendant and, from it all, say whether or not the circumstances were such as would lead the ordinarily intelligent and observing person to believe that this road was intended to be used by the public in going around this obstruction in the public highway, and, if you should so find, then that would be, in the law, an invitation to travel upon the road."

It is argued that this instruction is erroneous because it eliminates the idea that the appellant had the power or legal right to hold out an invitation to cross private lands of others. It may be the rule that one may not legally invite a trespasser upon the lands of another so as to make that other liable for an injury to the trespasser. But that is not this case. Here the appellant obstructed a public highway. Appellant thereupon went upon adjoining land and constructed a way around the obstruction. The foreman who constructed the way testified that he intended that persons traveling the public highway should use the way around the obstruction. The way itself was of course an implied invitation to use it. The mere fact that the appellant was a trespasser as to the owner of the land, or that persons traveling over the way were trespassers as to the true owner, did not make such persons trespassers as to the appellant. As between the appellant and persons lawfully upon the highway the appellant, under the conditions shown, was as clearly liable to his invitees as though it owned the land; this proposition is elementary. After appellant has invited persons upon premises not its own, it cannot be heard to say to its invitees, who did not know the fact, I had no legal right to invite you there, and am therefore not liable for my negligence in not maintaining a reasonably safe place for you. The instruction is therefore not subject to the criticism urged against it.

It is next argued that the verdict was contrary to the evidence. The evidence is conflicting as to whether the deceased was killed by reason of the bad condition of the road, or whether he fell out of the wagon by reason of his own negligence, or by reason of intoxication. These questions were for the jury, and the jury's finding is conclusive upon them. A question is raised upon the refusal of the court to strike out certain evidence alleged to be hearsay. We do not regard this

matter as being sufficiently prejudicial to warrant a reversal, because it was of no special importance to the case.

We find no error in the case, the judgment must therefore be affirmed.

RUDKIN, C. J., DUNBAR, PARKER, and CROW, JJ., concur.