538

Harry W. Steinberg, Appellee, v. Northern Illinois Telephone Company, Appellant.

Gen. No. 8,259.

October term, 1930. Heard in this court at the Opinion filed March 25, 1931.

C. B. CHAPMAN and H. H. BAYNE, for appellant.

HIBBS & POOL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Harry W. Steinberg recovered a judgment against the Northern Illinois Telephone Company for $2,600 in an action on the case for personal injuries. He was injured by falling down a stairway leading from the street to the telephone exchange of the defendant located in the second story of a building in the Village of Sheridan. Long distance calls by the public in general were accepted and made by defendant at its telephone exchange. The only means of ingress and egress to the exchange was by an inclosed stairway of two flights at the west end of the building. The first flight had 13 steps leading north from the street to a landing. The second flight had four steps leading east from the landing to the second floor of the building. The stairway was steep and the steps were eight or nine inches wide. At the top of the second flight of stairs was a door with glass in its upper portion. This door opened into a hall about 30 feet long. At the east end of the hall, a door opened into the tele-

phone exchange. There were four rooms on each side of the hall. One of them was used as a storeroom and the others were empty at the time of the accident. Along the stairway was a balustrade or handrail. In the upper hallway and east of the glass door there was an electric light, but it did not shine on that portion of the stairs below the landing.

On the night of November 25, 1924, plaintiff, who was a traveling optometrist, residing in the City of Chicago, went to the exchange to put in a call to his home. After completing his errand he left the telephone office, and in attempting to walk down the stairs, fell, and received the injuries mentioned in the declaration. There was no light in the stairway at the time of the accident and the first flight of stairs from the ground to the landing was dark.

The declaration avers that plaintiff was in the exercise of due care for his own safety; that it was the duty of defendant to use reasonable care to keep the stairway and hall in a reasonably safe condition and sufficiently lighted, so that patrons of the exchange could see their way sufficiently to avoid the danger of falling, and that the defendant neglected to do so, whereby the plaintiff was injured.

Defendant filed a plea of not guilty and also a special plea averring that it did not, at the time of the accident, have a lease for or have control over said stairway or landing, and that there was therefore no duty incumbent upon it to keep the same in a reasonably safe condition or sufficiently lighted. A demurrer to the plea was overruled.

The testimony shows that defendant installed and maintained an electric light in the upper hallway, and that one of its employees repeatedly swept the hall and stairway. While the evidence fairly tends to show that defendant was in the control of the hall and stairway where the accident occurred, it was not necessary, under the law, for plaintiff to show that defendant was

the owner, lessee, or even in control of the hall and stairway. Defendant was maintaining a public telephone exchange. The only means of access to it was through the stairway and hall and the public was impliedly invited by the defendant to use them. Whether or not the defendant had leased or had control of the hall and stairway is immaterial. An invitation to enter premises carries with it the duty toward the person invited to provide reasonably safe means of ingress and egress. (45 C. J. 834 Negligence.) An owner or occupant of land who, by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by his negligent failure to keep the land or its approaches in a reasonably safe condition. (*Calvert v. Springfield Electric Light & Power Co.*, 231 Ill. 290; *Bennett v. Louisville & Nashville R. Co.*, 102 U. S. 577 [26 U. S. L. Ed. 235]; 20 R. C. L. Negligence 56–57.) Even a trespasser on land has been held to be liable to his injured invitees. (*Collins v. Hazel Lumber Co.*, 54 Wash. 524, 103 Pac. 798.)

Although there was a light in the upper hallway, there was no light in the stairway previous to the accident. In ascending the stairs, plaintiff took hold of the balustrade or handrail. As he attempted to descend, he reached the landing safely, but the lower part of the stairway being in darkness, he could not see the balustrade and fell, breaking his nose, lacerating his face, knees, and elbows, severely spraining his wrists, and suffering an injury to his abdomen below the ribs on the right side. The evidence does not support the contention that plaintiff was not in the exercise of due care.

The trial court permitted it to be shown that a light was installed at the landing after the accident. This evidence was admitted upon the theory that it tended to show the defendant was in the control of the stairway. Afterwards, this testimony was excluded and

the jury was instructed not to consider it. Under our view of the law applicable to this case, the questions of ownership and control are of little consequence. Regardless of those questions, it was defendant's duty to use reasonable care to make the entry reasonably safe for its invitees. Whatever error, if any, there was in the court's ruling was harmless.

It is suggested that this rule would render a tenant in a large office building liable for injuries sustained in an elevator accident, although he had no control over the elevator or its operation. No sound reason can be advanced why a person should be excused from liability for injuries when he knowingly permits or invites his patrons to use an unsafe means of ingress and egress to and from his office. If he knows the means are unsafe or has good reason for knowing it, he should not invite his patrons to use them. If he is negligent in that regard and injury results, he has no cause to complain if he is asked to respond in damages. It makes no difference that he is only a tenant. The landlord may also be liable. (*Mueller v. Phelps,* 252 Ill. 630.) Nevertheless, if a person who is not aware of the unsafe condition is invited into the danger by a tenant who has knowledge of the fact, the tenant may be required to answer for the consequences of his invitation.

Therefore defendant's instruction No. 12 was properly refused. It stated that when a landlord owns a two-story building with rooms on the second floor, which are rented to various tenants, and which floor has a stairway leading to it for the common use of the tenants for ingress and egress, the duty is upon the landlord and not upon the tenants, or any of them, to keep the stairway in reasonable repair and condition for use, unless there is an agreement between the landlord and his tenants that they shall keep the stairway in such repair. The instruction states a correct rule of law as between the landlord and his tenants,

but not as to third parties. As to such parties, the landlord or the tenant or both may be held responsible for damages, all depending upon the circumstances of the case.

Plaintiff's instruction No. 1 told the jury that in determining the issues in the case, they should be governed by the instructions and by the evidence, facts, and circumstances proven in the case, "in the light of their common observation and experience as men of ordinary affairs of life." It is quite proper for the jury to determine the facts in such light, but they are not authorized to determine the law in any such manner. They must accept the law as laid down to them by the court in its instructions.

The second instruction given on behalf of the plaintiff also incorrectly stated the law. It dealt with the management and control of the stairway and directed the jury to find a verdict for the plaintiff, if they found that the stairway was under the management and control of the defendant, and that the plaintiff while descending said stairway used reasonable care for his own safety and fell down said stairway because it was not sufficiently lighted and was injured thereby. This instruction required far more of the plaintiff than he was bound to prove. He did not need to prove that the defendant had the management or control of the stairway and the direction for a verdict depended on the proof of that fact. The defendant could not have been injured by the instruction. Whatever error was committed in giving it or in giving plaintiff's instruction No. 1 was harmless and the judgment cannot be reversed because of such error.

An objection was made to portions of the closing argument of counsel for plaintiff. That part of the argument was provoked by an apparent effort of defendant's attorney to arouse a racial prejudice against plaintiff. While the rule is that misconduct on the part of one attorney will not excuse misconduct on the

part of his adversary (*People v. Saylor*, 319 Ill. 205), still, in our opinion, the remarks of counsel had no substantial bearing on the case.

The court sustained an objection to a part of the argument of the attorney for the defendant. A witness had testified to going up and down the stairway over a period of 14 years. In the argument counsel for defendant stated in substance that the stairway could not have been a dangerous one to those in the exercise of ordinary care and cited the case of this witness, and said she was unhurt and able to be in court. An objection was sustained to this line of argument, on the ground that the evidence did not show that she had ever gone up or down the stairway in the nighttime. It is obvious that the court correctly ruled upon the objection.

The damages awarded are not excessive and the verdict 'in all respects appears to be fully supported by the evidence. The judgment is therefore affirmed.

*Judgment affirmed.*