[Civ. No. 12617. Second Appellate District, Division Two.—September 20, 1940.]

MARCELLA KOSSINE, a Minor, etc., Appellant, v. GEORGE STYLIANO et al., Respondents.

Orloff & Katz for Appellant.

Joe Crider, Jr., Elber H. Tilson and John J. Ford for Respondents.

WOOD, J.—Plaintiff commenced this action to recover damages for injuries which she suffered when she fell on a stairway in an apartment house owned by defendants Styliano and managed by defendant Williams. The case was tried before the court without a jury. In presenting this appeal from a judgment in favor of defendants plaintiff contends that the findings of the trial court that defendants were free from negligence and that plaintiff's negligence was the cause of her injuries are without support in the evidence.

Plaintiff was at the time of the accident a minor of the age of fourteen years and had been living in the apartment house of defendants for a period of about two months, during which time she frequently used the stairway provided for the tenants of the building. Plaintiff testified that she fell down the stairway of the apartment house on May 23, 1938, between 7:00 and 7:30 P. M. Plaintiff was carried upstairs. After about a half hour she returned and, looking at the steps, observed that the carpet was "curled over, pulled away" from the rear part of one of the steps; that one of the tacks used to fasten the carpet was missing so that the carpet had pulled away from the riser. She stated that she

had caught her foot in the carpet, causing the fall. She was not wearing high heel shoes but was wearing shoes with heels the size of heels on men's shoes. The carpet was a runner extending to within eight or ten inches from the edge of the stairs. A hand rail had been provided but plaintiff did not make use of it. Gloria Ducker, a friend of plaintiff, sixteen years of age, testified that she noticed the condition of the carpet in question three or four days before plaintiff's accident and at that time the carpet was pulled away about an inch and one-half from the back of the step and that it was curled a little.

The deposition of defendant Williams was received in evidence. She testified that she examined the carpet in question shortly after the accident and found that only one tack was missing, which she replaced. She found that the carpet was otherwise in good shape; that the carpet had not ''pulled out'' because the tack had come up; that ''the carpet was not turned in any way at all, the tack was out but it was down as if there had never been anything happen to it''. It was stipulated by the parties that Harry Brenner, who had ''picked up'' plaintiff when she fell, would if present testify that after helping plaintiff from the stairway, ''she left him and walked toward the grocery store of her parents, and that she said to him that she had fallen downstairs''; that he would testify that ''after the girl left he walked up the stairs to his apartment and he used the same stairway and noticed nothing wrong with the carpet''.

Defendants were not insurers of the safety of the tenants of the building using the stairway but it was their duty to exercise ordinary care to see that the premises were kept in a safe condition. (*Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [276 Pac. 76], and cases there cited.) The burden was upon plaintiff to establish that defendants failed to exercise ordinary care for the safety of those using the stairway. Defendants cannot be charged with responsibility for a defective condition in the stairway unless they knew of that condition or should have discovered it in the exercise of ordinary care. What constitutes ordinary care depends upon the particular circumstances of the case. It was the function of the trial court to determine from the evidence whether defendants had failed to use ordinary care and in making such determination it was the duty of the

trial court to pass upon the question whether a dangerous defect in fact existed, whether it was known to defendants, and whether; if unknown to them, it had existed for such length of time as to charge them with notice.

Since the action came to trial and evidence was offered by both parties and findings of fact were made thereon, the rules which govern motions for a nonsuit do not prevail. The rules prevailing where appeals are taken from judgments based on findings made after the trial of the issues of fact require that the reviewing court shall not disturb the findings of the trial court if the findings are based upon substantial evidence, whether such evidence be contradicted or uncontradicted. If a reasonable inference has been deduced from the facts by the trial court the reviewing court may not substitute another deduction which also may be drawn from the facts. The reveiwing court must resolve all conflicts in the evidence in favor of the party prevailing in the trial court and must indulge all reasonable inferences in support of the decision. (*Crawford* v. *Southern Pac. Co.,* 3 Cal. (2d) 427 [45 Pac. (2d) 183].) The trial court may make findings based upon reasonable inferences supported by the evidence. (*Rideout* v. *City of Los Angeles,* 185 Cal. 426 [197 Pac. 74] ; *Barsha* v. *Metro-Goldwyn-Mayer,* 32 Cal. App. (2d) 556 [90 Pac. (2d) 371].)

The testimony of defendant Williams, offered through the medium of her deposition, presents a sharp conflict with the testimony of plaintiff and that of her main witness. In their brief respondents suggest several inferences which the trial court could reasonably have drawn in support of their contentions. Such arguments are primarily for the trial court, and although they have been helpful to this court, it would be inappropriate to discuss them at length in this opinion. It is sufficient to say that the decision of the trial court is amply supported by the facts established together with such reasonable inferences as could be drawn therefrom.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.