[Civ. No. 13329. Second Dist., Div. Two. Dec. 22, 1941.]

CORNELIUS B. VAN WYE, Respondent, v. AL ROBBINS, Appellant.

George P. Kinkle and John S. Hunt for Appellant.

Wendell W. McCanles for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages resulting from personal injuries, defendant Al Robbins appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are these:

March 18, 1940, plaintiff parked his automobile in a service station operated by Sidney Smilo, which service station was adjacent to the market building of the Bi-Rite Market operated by defendant Al Robbins. In April of 1939 Mr. Robbins had entered into an oral agreement with Mr. Smilo whereby the customers of Mr. Robbins' market were allowed to park their cars free upon the service station premises. In consideration for this right defendant Robbins paid Mr. Smilo a monthly rental. On the wall of the market building adjacent to the parking area said defendant caused to be printed the words "Free Parking." After leaving his car on the parking space above described, plaintiff, a gentleman eighty years of age, together with his wife, entered Mr. Robbins' market, purchased merchandise which filled two shopping bags and, with one on each arm (which obstructed his view of the ground ahead of him to some extent) started to return

to his car. While walking across the parking area, plaintiff's wife noticed a grease spot on the surface of the lot. The spot consisted of heavy, black grease, approximately one-eighth of an inch thick and five inches in diameter, which in all probability had fallen from a car which was being greased on a rack located on the service station premises. She turned to warn plaintiff, but before she had done so he stepped upon the grease spot, fell, and sustained personal injuries.

Defendant Robbins relies for reversal of the judgment on these propositions:

*First: Assuming that the grease upon which plaintiff stepped and fell was left there negligently by the proprietor of the parking lot or his agents, such negligence could not be imputed to defendant Robbins.*

*Second: There is no substantial evidence to sustain a finding that Robbins had either actual or constructive notice of the dangerous condition of the parking lot.*

*Third: Where a spot of heavy grease, five inches in diameter, is near an automobile which plaintiff sees is being greased, his view being unobstructed, plaintiff is contributorily negligent as a matter of law if he steps upon the grease and as a result receives injuries.*

■ The first proposition is untenable. The liability in the present case is not predicated upon the fact that Smilo was the agent of defendant Robbins. The latter's liability rests on the rule that if one invites another to use his premises and the invitee is injured due to the negligent manner in which the premises are maintained, the invitor is responsible for the resulting injury to the invitee. (*Burdick* v. *Cheadle*, 26 Ohio St. 393, 398 [20 Am. Rep. 767]; *Collins* v. *Hazel Lumber Co.*, 54 Wash. 524 [103 Pac. 798, 800]; *Beaulac* v. *Robie*, 92 Vt. 27 [102 Atl. 88, 90]; *Frear* v. *Manchester Traction Light & Power Co.*, 83 N. H. 64 [139 Atl. 86, 89, 61 A. L. R. 1280]; *Tuttle* v. *Crawford*, 8 Cal. (2d) 126, 130 [63 Pac. (2d) 1128].) Applying the above stated rule to the facts of the instant case, it is apparent that defendant Robbins, having invited plaintiff to use the service station as a place for parking his car, was under a duty to exercise reasonable care to see that the property was kept in a safe condition. Defendant Robbins concedes that he never inspected the parking area to see whether it was free of grease or not. Therefore it is obvious that the trial court was justified in finding that he did not use reasonable care to keep the prem-

ises free from grease, which was the proximate cause of the injuries to plaintiff.

Defendant Robbins' second proposition is likewise without merit. It appears from the evidence that the trial court was justified in finding that the spot of grease had remained upon the surface of the parking lot for more than twenty minutes. Whether or not sufficient time had elapsed to constitute constructive notice to defendant Robbins of the unsafe condition of the premises was a question of fact for determination by the trial judge (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal. (2d) 598, 600 [86 Pac. (2d) 829]); and where, as in the instant case, his determination finds substantial support in the evidence, it will not be disturbed upon appeal. *Stoddard* v. *Roberts Public Markets, Inc.*, 27 Cal. App. (2d) 166 [80 Pac. (2d) 519], is not applicable to the facts of this case. In that case it was held that a landlord would not be liable to an invitee for the negligence of his tenant. There is nothing in the case holding that an invitor is not liable to an invitee for the negligent condition in which premises are maintained.

Defendant's final proposition is likewise without merit. Plaintiff was a man eighty years of age and was carrying two large bundles in his arms, which partially obstructed his view. There being substantial evidence thus to sustain the findings of the trial judge that plaintiff was not contributorily negligent, such findings are binding upon this court (*Hamilton* v. *Pacific Elec. Ry. Co., supra*, p. 603).

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.