[Civ. No. 12476.   First Dist., Div. One.   Oct. 20, 1943.]

JERRY DORFER, Respondent, v. RICHARD DELUCCHI, Appellant.

James C. Healey and J. W. Coleberd for Appellant.

Francis N. Foley for Respondent.

DOOLING, J. pro tem.—Plaintiff recovered judgment for personal injuries in a trial without a jury, from which judgment defendant appeals.

Defendant was the owner of an apartment house and plaintiff occupied as his tenant an apartment on the second floor. In descending the common stairway from this apartment to the ground floor plaintiff slipped and fell, suffering the injuries which were the basis of the judgment appealed from. Defendant claims on appeal that the evidence does not support the finding of defendant's negligence and also shows without contradiction that plaintiff was guilty of contributory negligence.

The complaint alleged, and the answer admitted, that "defendant reserved for the use of all its tenants of said building the halls and stairway leading from the first to the second story of said building." This admission brings into play the settled exception to the general rule covering the liability of the landlord for injuries to his tenant from defects in the premises, thus stated in 7 Cal.Jur., Ten-year Supp., page 444:

"The general rule that a landlord is not liable to a tenant

for injuries due to the defective condition or faulty construction of the demised premises is subject to an exception to the effect that where a portion of the premises is reserved by the landlord for use in common by himself and tenants, or by different tenants, a duty is imposed upon the landlord to use ordinary care to keep that particular portion of the premises in a safe condition."

Without further reference to them we may state that this fact sufficiently distinguishes many of the cases cited by appellant which were concerned solely with injuries to tenants from defective conditions in premises let to the tenants and in their exclusive possession and control.

The complaint counted on two separate acts of negligence: the absence of a handrail from the stairway, and the maintenance of a carpet on the stairs in a loose and dangerous condition.

We may disregard the absence of the handrail, which appellant contends cannot be the basis of a recovery in view of the holding in *Watwood* v. *Fosdick*, 212 Cal. 84 [297 P. 881], since that becomes immaterial if the finding of the trial court, that the negligent maintenance of a loose carpet was a proximate cause of the injury, finds support in the evidence.

In this respect the evidence shows that plaintiff slipped and fell from the twelfth or thirteenth step and that immediately after the fall the witness Atkins examined the twelfth and thirteenth steps and found the carpet pulled loose from those steps, "just a bulge, like the tacks had been pulled out."

Defendant argues that this evidence does not prove that the carpet was loose before the fall but rather that plaintiff's fall was what loosened the carpet. This is an argument on the correct inference to be drawn from the evidence more properly for the consideration of the trial court. Where two inferences may be equally drawn from the evidence the action of the trial court in drawing one rather than the other is conclusive on appeal. (2 Cal.Jur. pp. 934-5; *Raggio* v. *Mallory*, 10 Cal.2d 723, 725 [76 P.2d 660].)

There are other factors in the evidence strengthening the inference drawn by the trial court. The witness Atkins further testified that she saw no tacks there that had been pulled out, "They weren't there." It seems clear that if the carpet had been pulled loose by plaintiff's fall, as claimed

by defendant, the loosened tacks would have been present immediately following the accident.

Plaintiff herself testified that after her fall defendant told her that he knew that the carpet was loose before the accident and was sorry that he had not fixed it. It is claimed that her testimony on this subject was uncertain and contradictory but that was a matter properly addressed to the discretion of the trial court. Plaintiff also testified without objection to a conversation with the janitor after her fall in which the janitor had told her that he knew that the carpet was loose and had so informed defendant. While this testimony might have been excluded as hearsay, its admission without objection justified the trial court in considering it with the other testimony on the subject. (*Nelson* v. *Fernando Nelson & Sons,,* 5 Cal.2d 511, 518 [55 P.2d 859]; *Weiss* v. *Bank of America,* 57 Cal.App.2d 892, 896 [135 P.2d 584].)

The claim that plaintiff's contributory negligence was established depends on the argument that if the carpet was loose she must or should have known it. She testified positively that she had not observed that the carpet was loose and there was evidence showing that the stairway, which was curved, was not brightly lighted. We cannot say as a matter of law that plaintiff must or should have observed its condition.

Other arguments that her fall was caused by her wearing her husband's shoes or carrying a mattress depend on the weight to be given to conflicting evidence. Plaintiff testified that her husband's shoes fit her well and that neither the fact of her wearing them nor of her carrying the mattress contributed to her fall.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied November 19, 1943, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1943.