[Civ. No. 7541.   Third Dist.   July 26, 1949.]

ROBERT E. KEANE, Respondent, v. CLARA McINDOE, Appellant.

G. H. Van Harvey and C. A. Degnan for Appellant.

W. W. Speer for Respondent.

PEEK, J.—Robert E. Keane brought this action to recover damages for personal injuries allegedly sustained by him on August 20, 1945, when he tripped and fell over a rope attached to a gate upon premises rented by him from the owner, the defendant Clara McIndoe. The allegations contained in the complaint were put in issue by the answer which consisted of a general denial thereof, and the case was tried before the court sitting without a jury. Findings of fact favorable to the plaintiff were adopted by the court, and the defendant has appealed from the judgment which was entered accordingly.

The evidence, reviewed in the light most favorable to respondent (*Crawford* v. *Pacific States Savings & Loan Assn.*, 22 Cal.App.2d 448 [71 P.2d 333]), discloses that on or about August 19, 1945, plaintiff and his wife rented an apartment from Mrs. McIndoe. The apartment consisted of a sun room, a "large room," and a kitchenette equipped with a stove and certain cooking utensils, but no garbage can. Appellant, however, stated to respondent's wife that she had a garbage pail for the apartment which she would bring to her, but did not do so. After the garbage from five meals had accumulated the respondent asked appellant where he could dispose of the same. Appellant told him that as yet she did not have a receptacle but that he could dispose of it in a garbage can located in a yard adjacent to the Inn. She further testified that the other tenants made use of the garbage can and that she paid the bill for the removal of the garbage. After procuring the garbage from the apartment respondent proceeded to walk toward the yard where the receptacle was located. The yard was enclosed by a fence necessitating that he pass through a gate in order to reach it. He testified that as he did so he tripped over a rope and fell to the ground, sustaining serious injuries. The rope was fastened to the two gate posts and was not seen by the respondent. Its purpose was to fasten the gate when it was closed but when the gate was open it hung loose. Appellant testified that she knew nothing about the rope although there is evidence that it had been attached to the gate for more than a month. However, she did know that the gate was used by tenants and further testified under section 2055 of the Code of Civil Procedure that the garbage can was for the common use of the tenants.

Appellant contends that respondent was not an invitee but a mere licensee on those parts of the premises where he sustained his injuries; that she was not negligent in failing to maintain the gate or the approaches thereto in a safe condition even if it be conceded that respondent was an invitee; that she had no actual or constructive knowledge of the condition of the gate at the time of the accident, and that respondent's injuries were proximately caused by his own negligence. In contending that respondent was a licensee and not an invitee appellant admits that he occupied the status of an invitee in regard to the apartment he rented but argues that he was a licensee as to the area where the garbage can was located.

We are of the opinion that the evidence amply supports the finding of the trial court. It discloses that appellant un-

dertook to furnish a means and a place to be used by her tenants for the disposal of garbage and invited respondent to use the same in common with the other tenants. The furnishing of the means and the place for disposal of garbage for all practical purposes was a necessary service for the reasonable utilization of the premises for the purposes for which they were rented. In so using such method of disposal furnished by appellant the respondent neither exceeded the scope of his invitation nor lost his status as an invitee. (See *Oettinger* v. *Stewart*, 24 Cal.2d 133 [148 P.2d 19, 156 A.L.R. 1221].) As stated by the court in *Bock* v. *Hamilton Square Baptist Church*, 219 Cal. 284, 287 [26 P.2d 7], quoting with approval from *Hassell* v. *Denning*, 84 Cal.App. 479, 482 [258 P. 426]:

"The general rule applicable in cases like the present one is that 'where a portion of the premises is reserved by the landlord for use in common by himself and tenants, or by different tenants, a duty is imposed upon him to use ordinary care to keep those particular portions of the premises in a safe condition; and if he is negligent in this regard, and a personal injury results to a tenant by reason thereof, he is liable therefor.' "

Appellant's next contention, that she was not negligent in failing to maintain the gate or the approaches thereto in a safe condition, even if it be conceded that respondent was an invitee, likewise is untenable. While appellant was not an insurer of the personal safety of the respondent invitee she did owe him the duty to exercise due care to keep the premises in a reasonably safe condition. (*Adams* v. *Dow Hotel*, 25 Cal.App.2d 51 [76 P.2d 210].) Decisive of this question is the finding of the trial court predicated upon sufficient evidence that the gate "was in a dangerous condition in that a rope or a loop of rope extended across said gateway, thus obstructing the gateway and the passage through said gateway. That there was no sign or other warning to indicate the aforesaid dangerous condition of said gateway. That said dangerous condition was not apparent to anyone passing along said walk and through said gateway."

Appellant's further contention that she had no actual or constructive notice of the condition of the gate at the time of the accident is not warranted by the evidence which supports the finding of the trial court that "the aforesaid dangerous condition existed for a period of over one month prior to the 20th day of August, 1945, and was known to the defend-

ant, Clara McIndoe, or could have been discovered by said defendant, by the exercise of reasonable care.'' The duty owed by appellant to the respondent was an affirmative one requiring her to take proper means to have discovered it. (*Van Wye* v. *Robbins*, 48 Cal.App.2d 660 [120 P.2d 507].) There is evidence that appellant never inspected the gate to ascertain its condition. Furthermore, there is evidence that the gate remained in a defective condition for a month or more which was a sufficient period of time to charge appellant with constructive notice of its condition. (See *Cressey* v. *City of Los Angeles*, 10 Cal.App.2d 745 [53 P.2d 172].)

In support of her last contention that respondent was guilty of contributory negligence, appellant argues that the defect was an obvious one which respondent should have observed in the exercise of ordinary care. In the Cressey case, *supra,* the court stated at page 748 that ''In the case before us, an examination of the record discloses that reasonably prudent men could draw different conclusions from the evidence educed before the trial judge. Therefore his finding that respondent was free from contributory negligence will not be disturbed by this court.'' Such statement is apropos to the finding of the trial court in the present case that respondent was free from contributory negligence. The evidence discloses that it was twilight at the time of the accident and that respondent had been a tenant for only one day prior to the accident and was making his first trip to the garbage can. Under such circumstances we cannot say that he was guilty of contributory negligence as a matter of law. (See *Dorfer* v. *Delucchi*, 61 Cal.App.2d 63 [141 P.2d 905].)

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 19, 1949. Schauer, J., voted for a hearing.