[Civ. No. 17590.   Second Dist., Div. One.   July 6, 1950.]

TOM ARMSTRONG et al., Respondents, v. HAZEL BROWN ZIBELL et al., Appellants.

Moss, Lyon & Dunn and Henry F. Walker for Appellants.

Edward Raiden and A. J. Weiss for Respondents.

DRAPEAU, J.—Plaintiffs were lessees and defendants were lessors of an unfurnished bungalow apartment in a multiple unit building. The only means of ingress and egress to such building was upon a concrete driveway leading to garages in the rear. This driveway was used in common by all occupants of the premises, including the owner defendant Zibell. It is conceded that the driveway was broken and cracked in several places.

Plaintiff wife was returning to her home about 5:30 in the evening of July 18, 1947. As she walked along the driveway near the entrance to her apartment she tripped and was thrown to the ground. In such fall she fractured her left femur, resulting in probable permanent disability.

The instant action for damages against the owners of the property was tried with a jury. At the conclusion of plaintiffs' case a motion for nonsuit was made and denied; at the end of the trial a motion for directed verdict was denied. The jury returned its verdict in favor of plaintiffs for $10,000, and thereafter motions for judgment notwithstanding the verdict and for new trial were made and denied.

Defendants appeal from the judgment based upon the verdict and also from the order denying their motion for judgment notwithstanding the verdict.

At its entrance near the street, the driveway was cracked and broken but level. Proceeding from the street toward respondents' apartment it was more cracked than broken. In front of the stairs leading to respondents' apartment, the middle flagstone was about 2 inches higher than the lower one. At the time she fell, respondent wife was carrying several packages of groceries. She turned north to go into her apartment, crossed the crack and started to speak to appellant Zibell and another tenant, who were standing nearby, and "the ball of my left foot hit the crack and down I went. . . . the ball of the foot slid down the crack and threw me off balance. . . . turning my foot under, and I fell."

Respondents admitted that the driveway was cracked at all times during the five years they had lived on the premises. And it was stipulated that appellant Zibell (who was both a tenant and an owner during that period) knew of the condition of the driveway prior to the accident.

Appellants urge that the evidence fails to establish any right of recovery against them, because (a) respondent wife had equal knowledge with them of the alleged defective condition of the driveway; (b) having such knowledge, she remained and exposed herself to the hazard, hence she assumed the risk of harm arising therefrom; and (c) by her continued use of the driveway, she was guilty of contributory negligence.

In support of their contentions, appellants rely upon *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556, 560 [296 P. 76], where a private nurse on duty in defendant's hospital fell on a slippery floor. It was there held: ''It is clear from the plaintiff's testimony that she had full knowledge of the condition of the floor during all the afternoon of September 28th and for two hours in the forenoon of the next day. It does not appear that the defendant's knowledge thereof was superior to that of the plaintiff. . . .

'' 'The owner is not an insurer of such persons even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant *and not to the person injured* that a recovery is permitted. . . . There is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.' (20 R.C.L. pp. 55-57; *Goldstein* v. *Healy*, 187 Cal. 206, 211 [201 P. 462]; *Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 P. 793].)'' Appellants also direct attention to *Walker* v. *Greenberger*, 63 Cal.App.2d 457 [147 P.2d 105], which follows the ruling in the hospital case.

However, in *Harris* v. *Joffe*, 28 Cal.2d 418, 423 [170 P.2d 454], where a tenant slipped and fell while walking through the entrance way to the apartment where she lived, our Supreme Court stated as follows:

''The general rule that a landlord is not liable to a tenant for injuries due to the defective condition or faulty con-

struction of the demised premises in the absence of fraud, concealment or covenant, is subject to exception. When a portion of the premises is reserved by the landlord for use in common by himself and his tenants, or by different tenants, a duty is imposed upon the property owner to use ordinary care to keep that particular portion of the premises in a safe condition. (*Bock* v. *Hamilton Square Baptist Church,* 219 Cal. 284, 287 [26 P.2d 7] ; *Dorfer* v. *Delucchi,* 61 Cal.App.2d 63, 64 [141 P.2d 905] ; *Turner* v. *Lischner,* 52 Cal.App.2d 273, 277 [126 P.2d 156] ; *Reiman* v. *Moore,* 42 Cal.App.2d 130, 136 [108 P.2d 452] ; *Kossine* v. *Styliano,* 40 Cal.App.2d 721, 723 [105 P.2d 952] ; *Ellis* v. *McNeese,* 109 Cal.App. 667, 670 [293 P. 854].) But a landlord may not be charged with responsibility for a defective condition unless he had actual knowledge of the condition, or it has existed for such a period of time as to justify the conclusion that, in the exercise of ordinary care, he should have known of its existence within such time as would have given him a reasonable opportunity to make repairs. (Citation of authorities.)

"One test for determining the issue of negligence is whether a person of ordinary prudence should have foreseen or anticipated that someone might be injured by his action or nonaction. (*Terrell* v. *Key System,* 69 Cal.App.2d 682, 686 [159 P.2d 704] ; *Schwerin* v. *H. C. Capwell Co.,* 140 Cal.App. 1, 2 [34 P.2d 1050] ; *Sweatman* v. *Los Angeles Gas & Elec. Corp.,* 101 Cal.App. 318, 322 [281 P. 677] ; see Rest., Torts, § 284, 289, 290, 291.) And ordinarily, it is the function of the trial court to determine from the evidence whether a person has failed to use ordinary care. (*Reiman* v. *Moore, supra*; *Kossine* v. *Styliano, supra.*)

"It was necessary for the tenants to use the vestibule since it was the only entrance from the front of the apartment house. It was at all times under the care and control of the owner. . . . there is in the record substantial evidence which, with inferences deducible therefrom, amply support the findings in favor of the plaintiff."

On the question of contributory negligence, the cited case holds: ". . . the finding of the trial court on this issue is fully justified by the evidence. Previous knowledge of the defective condition is not, of itself, conclusive evidence that a plaintiff failed to exercise due care (*Hughes* v. *Quackenbush,* 1 Cal.App.2d 349, 356 [37 P.2d 99] ; *Finch* v. *Willmott,* 107 Cal.App. 662, 667 [290 P. 660]) . . . ."

In the circumstances presented, whether appellants had failed to use ordinary care and whether respondent wife was contributively negligent were questions of fact for the jury to determine. The record discloses amply sufficient evidence to support the jury's verdict.

The judgment and the order appealed from are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 31, 1950, and appellants' petition for a hearing by the Supreme Court was denied August 31, 1950. Schauer, J., voted for a hearing.