[L. A. No. 2883.   Department Two.—August 27, 1912.]

## GEORGE W. LUCY, Respondent, v. R. W. DAVIS, Appellant.

VENDOR AND VENDEE—PAYMENT OF PURCHASE PRICE IN INSTALLMENTS BETWEEN SPECIFIED DAYS—REFERENCE TO COLLATERAL AGREEMENT MERELY PARENTHETICAL—CONDITIONS PRECEDENT.—Where a contract for the sale of land provides that the balance of the purchase price should be paid monthly between certain days in specified equal installments at a named bank according to a particular agreement referred to, the reference to the latter agreement should be construed as being merely parenthetical and explanatory of the previous requirement that the payment of the interest should be made between the specified days of each month, and compliance with the terms of the agreement referred to is not a condition precedent to the vendee's right to a deed.

ID.—CONSTRUCTION OF STIPULATIONS AS CONDITIONS PRECEDENT TO BE AVOIDED—FORFEITURE.—Courts are disinclined to construe stipulations of a contract as conditions precedent, especially when such course would work a forfeiture.

ID.—PAYMENTS OF INSTALLMENTS OF PURCHASE PRICE—FINDINGS—EVIDENCE.—The findings of the court to the effect that payments of the installments of the purchase price were made by the vendee in substantial accord with the provisions of the contract until he was prevented from further compliance therewith by the conduct of the defendant, are held to be sustained by the evidence.

ID.—MOTION TO STRIKE OUT ENTIRE DEPOSITION AS HEARSAY—INDEFINITE OBJECTION.—Where a witness in her deposition testified to certain facts within her own knowledge, an objection to the entire deposition, made on a motion to strike it out, on the ground that practically all of her testimony appeared on cross-examination to be hearsay, is too indefinite, and the motion was properly denied.

ID.—BOOK IDENTIFIED IN DEPOSITION.—A book identified by the witness in her deposition as being then in court, was properly received in evidence in connection therewith.

ID.—MOTION TO STRIKE OUT MUST BE PRECISE.—A motion to strike out the testimony of a witness, to be available, must be directed with precision to the testimony which the moving party desires the court to eliminate.

ID.—HEARSAY EVIDENCE—ADMISSION WITHOUT OBJECTION—ACCEPTANCE BY COURT.—Testimony of the vendee, that a specified sum was the balance due to and demanded by the defendant under the contract, is hearsay, but if admitted without objection and not contradicted

either by evidence or by mathematical calculation, the trial court was justified in accepting it.

ID.—GRANT BY VENDOR—FAILURE OF GRANTEE TO NOTIFY VENDEE OF TRANSFER—DELAY IN TENDERING PAYMENTS.—A grantee of the vendor under such contract, having full knowledge of the rights of the vendee, who fails to notify the latter of the transfer to himself, is not in a position to complain of delay in tendering him the payments becoming due under the contract.

ID.—TENDER OF PURCHASE PRICE—WAIVER OF OBJECTIONS TO SUFFI-CIENCY OF TENDER.—Such a grantee, who refused a tender made by the vendee of the balance due under the contract, on the sole ground that the vendee owed him nothing, waived all objections to the mode or time of the offer of performance which he might have made, as well as to the sufficiency of the sum tendered.

ID.—PAYMENT OF TAXES BY VENDEE—ABSENCE OF EVIDENCE ON TRIAL WHEN WITHOUT PREJUDICE TO VENDOR.—Where such contract required the vendee to pay taxes on the land contracted to be sold, the omission to offer any evidence with reference thereto, on the trial of an action by the vendee to specifically enforce the contract, was without prejudice to the defendant, because, if he had paid the taxes, he waived his right to recovery by failing to object to the amount tendered by the vendee, and if he did not pay them he was not injured, for in that event, the vendee takes the property subject to the state's lien for the taxes.

APPEAL from a judgment of the Superior Court of Imperial County and from an order refusing a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

F. C. Farr, for Appellant.

Eshleman & Swing, for Respondent.

MELVIN, J.—This is an action for specific performance of a contract to convey certain real property. After plaintiff had introduced certain evidence and had rested his case, the defendant moved for a nonsuit. This motion being denied, defendant introduced no evidence. Judgment was entered in favor of plaintiff. Defendant appeals from said judgment and from the order denying his motion for a new trial.

By a certain agreement in writing one William H. Allen (described as the party of the first part), agreed to sell to one

Paul Rittner (called the party of the second part) certain real property in Imperial County, for twelve hundred dollars. According to the terms of the agreement part of the purchase price was to be paid to the vendor in installments, the amounts and dates of which are set forth in the contract. These payments, according to the agreement, were to bear interest at the rate of eight per cent per annum from the date of the instrument. The contract also contains this language: "The balance of said $1200.00 to be paid in monthly payments between the 1st and 15th of each month at the rate of $11.50 per month, and to be paid at the First National Bank of Imperial according to agreement with Renters Loan and Trust Company of San Francisco, Cal., and the said party of the second part agrees to pay all state and county taxes or assessments of whatsoever nature which are or may become due on the premises above described." This agreement was dated May 23, 1905. It was admitted by the pleadings that twelve hundred dollars was a just, fair, and adequate consideration for the land described in the contract of sale. The complaint alleged and the court found that Rittner, by consent of Allen, assigned all his right, title, and interest in the agreement to plaintiff George W. Lucy, and that he delivered to said Lucy peaceable possession of the property in question on January 15, 1907; and that plaintiff had since been in possession thereof. It is also alleged and found that in accordance with the agreement of sale plaintiff made payments to Allen of the amounts and at the times provided in the contract, but before the installment of March 1, 1908, was due plaintiff tendered to Allen the sum of eighty-two dollars to cover said payment with interest, but that Allen, without just cause, refused to accept the money; that a similar tender was made on August 31, 1908, to cover the installment and interest due the following day, but this tender was also refused by Allen; and that from January, 1907, to October, 1908, plaintiff, in accordance with the agreement, paid the Renters Loan and Trust Company the regular monthly payments as provided in the contract of sale, but in the latter month the said company refused to accept further payments, although tender was regularly made. It was further alleged and found that in February, 1908, without plaintiff's knowledge, Allen sold and transferred to Paul H. Rittner all of his interest in the property, and that the latter,

in turn, sold his interest to defendant R. W. Davis; and that Rittner and Davis had full knowledge of plaintiff's existing claims to the land in question. It was also found by the court that plaintiff still owed to Allen or his successor in interest $552.30 which had been deposited to Davis's credit on May 7, 1908, by the plaintiff, who had kept his tender good at all times, and the judgment was that defendant, on receipt of that sum of money, should convey all of his title to plaintiff. Appellant says that the agreement contains a condition precedent which has not been performed,—namely, the carrying out of the contract between the Renters Loan and Trust Company of San Francisco and Allen. His theory is that the proof should have shown just what this contract was and that the payments by plaintiff in Allen's behalf were made in accordance with it. Appellant is entirely in error in this. It was not necessary that, in order to make plain the contract here considered, the terms of the agreement between Allen and the Renters Loan and Trust Company should be ascertained and set forth and compliance therewith made a condition precedent to plaintiff's right to a deed from Allen. The requirement that plaintiff should pay $11.50 a month to the corporation named was simply a covenant. The words "according to agreement with Renters Loan and Trust Company" were merely parenthetical and explanatory of the previous requirement that the installment should be paid between the 1st and 15th of each month. If the contract had provided that payment should be made to "John Smith because the party of the first part owes him money" no one would contend that the reason for the indebtedness of the party of the first part to Smith would be material. This agreement does nothing more than order payment on account of a debt, except that it explains the time when amounts are due under some contract for the payment thereof. Courts are disinclined to construe stipulations of a contract as conditions precedent, especially when such course would work a forfeiture, and even if we were in doubt, we would hesitate to reach the inequitable conclusion desired by defendant. (*Antonelle* v. *Kennedy & Shaw Lumber Co.*, 140 Cal. 315, [73 Pac. 966]; *Diepenbrock* v. *Luiz*, 159 Cal. 718, [Ann. Cas. 1912C 1084, 115 Pac. 743].) But we are convinced that the part

of the agreement under discussion does not express a condition precedent.

The findings of the court to the effect that payments were made in substantial accord with the provisions of the contract until plaintiff was prevented from further compliance therewith by the conduct of defendant, are sustained by the evidence. The plaintiff testified that he made certain payments to Allen in accordance with the terms of the agreement. It is true that Allen objected in one instance that there had been a miscalculation of the amount of interest due, but he accepted the check tendered, and accepted the amounts subsequently sent to him until after the transfer of his interest in the property to Rittner. Plaintiff testified that he made the payments to the Renters Loan and Trust Company for twenty-two months, counting what his mother paid. The book containing receipts for these amounts was before him when he made this statement, and there seems to have been no objection to his testimony. His mother corroborated him with reference to the payments made by her. After Mrs. Lucy's deposition was read a motion to strike it out was made. This was based upon the ground that practically all of her testimony appeared on cross-examination to be "based upon hearsay." This objection was too indefinite. She testified positively that some payments were made by her to the corporation mentioned in the book then in court, and as the court stated in ruling that it was the book other parts of which had been introduced in evidence, the book and her payments also were thus identified as connected with the Renters Loan and Trust Company. The objection to the admission of the book in evidence, as well as the vague and general motion to strike out her testimony, were properly overruled. A motion to be available must be directed with precision to the testimony which the moving party desires the court to eliminate. (*Wadleigh* v. *Phelps,* 149 Cal. 644, [87 Pac. 93].) Much of her testimony was based upon communications to her by her son and his attorneys, but in almost every instance defendant's counsel failed either to object to such testimony or to note an exception to an adverse ruling. Taken altogether the evidence supports the findings. Appellant characterizes the testimony of respondent as almost entirely hearsay. Much of it doubtless was, but nearly all of his conclusions were allowed to go

into the record without exception. For example, he said that $552.30 was the balance due to and demanded by Davis according to the information given him by his attorneys, although he had not personally conferred with defendant upon that matter. While this was, of course, hearsay, it went in without objection, and as it was not contradicted either by evidence or by mathematical calculation, the trial court was justified in accepting it. As Davis, having full knowledge of Lucy's rights, failed to notify the latter of the transfer to him of Allen's interest in the property, he is not in a position to complain of respondent's delay in tendering the payments due after said equitable assignment of the contract. As soon as Lucy heard of the transfer he took prompt steps to discover the amount due and made tender thereof to Davis. That the sum of $552.30 was offered by plaintiff and by defendant refused is admitted by the answer. Appellant having stated no reason for refusing the tender, except that respondent owed him nothing, he waived all objections to the mode or time of the offer of performance which he might have made, as well as to the sufficiency of the sum tendered. (*Kofoed* v. *Gordon,* 122 Cal. 320, [54 Pac. 1115]; *Latimer* v. *Capay Valley Land Co.,* 137 Cal. 288,. [70 Pac. 82].)

No evidence with reference to payment of taxes was offered, although under the contract the vendee was to pay them. We do not see that the appellant was injured by this omission. If he paid the taxes he waived his right to recovery by failing to object to the amount tendered by respondent. If he did not pay them he is not injured for, in that event, respondent takes the property subject to the state's lien for taxes. No other alleged errors require discussion.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.