[Civ. No. 12186. First Dist., Div. Two. Mar. 30, 1943.]

WILLIAM M. WEISS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Phil F. Garvey and Julia M. Easley for Appellant.

Louis Ferrari, G. D. Schilling, H. H. Bechtel and D. Bianco for Respondent.

SPENCE, J.—Plaintiff sought to quiet title to $1150 in currency. The defendant bank filed an answer denying the material allegations of the complaint but admitting that it held the sum of $1150 as bailee for the lawful owner thereof and that it claimed no other interest therein. Defendant Mary Gilmore filed an answer and cross-complaint denying the material allegations of the complaint and alleging that she was the owner of the sum of $1150 held by the defendant bank by virtue of finding said sum and taking proceedings under sections 1864 to 1871 of the Civil Code. The trial court found against plaintiff and against defendant Gilmore on their respective claims of ownership of the sum of $1150 held by the defendant bank. Judgment was therefore entered to the effect that neither plaintiff nor defendant Gilmore was the owner thereof and that the defendant bank should retain possession thereof as bailee for the lawful owner. Plaintiff alone appeals from said judgment. Defendant Gilmore died prior to the trial and defendant Berringer was substituted as administratrix.

Plaintiff states his contentions in various ways but said contentions may be summarized as follows: (1) that the evidence was insufficient to support the findings; (2) that the findings were insufficient to support the judgment; and (3) that the trial court committed reversible error in failing to rule upon plaintiff's motion to dismiss the cross-complaint of defendant Gilmore.

In considering the sufficiency of the evidence to support the findings, it is elementary that we must disregard conflicts and consider only the evidence tending to support

said findings. Said evidence shows that defendant Gilmore, an elderly woman, was the mother of defendant Berringer, who was subsequently substituted as administratrix in this action; that each of said parties had a safe deposit box in the defendant bank; that on April 17, 1935, they visited the safe deposit vault and entered a booth located therein; that they found some currency at that time in an envelope; that on the outside of said envelope was the figure "$1150"; that the currency was contained in two currency wrappers, one wrapper containing $700 and the other wrapper containing $450; that they became excited and did not know what they should do; that defendant Berringer finally suggested that they place the money in her safe deposit box and seek the advice of her husband; that they did so and thereafter returned with the husband two days later on April 19, 1935, and delivered the money to an employee of the bank, explaining the circumstances under which it was found and taking a receipt for the money; that nothing further was done with respect to the money, except to make inquiry of the bank concerning it, until almost five years later when defendant Gilmore purported to institute proceedings under sections 1864-1871 of the Civil Code.

Plaintiff testified that he had a safe deposit box in said bank; that in 1934 he sold a piece of real property for approximately $1150; that thereafter he put $1150 in a single currency wrapper, placed it in a white envelope, wrote on the envelope "Alice give to Aunt Bert. Brother Bill," and placed said envelope in his safe deposit box; that sometime in 1935 he visited the bank and placed said envelope in another envelope; that about five years later and on March 3, 1940, he read an article in the Oakland Tribune concerning the finding by the defendant Gilmore of $1150 and went to his safe deposit box and found the envelope was not there; that he made claim to the money and thereafter commenced this action.

It was plaintiff's theory that the time he lost his currency was the time he placed it in the second envelope. He testified, "I put it in another envelope and that is the day I think I lost the money. . . . It must have been the time I lost the money." It was also plaintiff's theory that this time must have been February 23, 1935, as that was the only day on which both plaintiff and defendant Gilmore had visited their

safe deposit boxes according to the bank records. Plaintiff called an employee of the bank to testify concerning these records. While there is some conflict and confusion in the testimony of this witness, it appears that on February 23, 1935, defendant Gilmore gained access to her safe deposit box at 10:10 a.m. while plaintiff did not gain access to his safe deposit box until 11:40 a.m., being one and one-half hours later. Plaintiff adheres to the above mentioned theories despite this discrepancy in time and despite the evidence showing that defendant Gilmore found the money now held by the bank on April 17, 1935, and not on February 23, 1935. Plaintiff's main attack is based on the claimed insufficiency of the evidence to support the finding that defendant Gilmore found the money on April 17, 1935.

Our review of the evidence shows that it was ample to support said finding. It is true that defendant Gilmore had died and was not available as a witness at the time of the trial. It is also true that defendant Berringer, who was with defendant Gilmore on April 17, 1935, admitted that she did not actually see defendant Gilmore pick up the money. Counsel for plaintiff was at pains to develop this point on cross-examination. But the circumstances related by defendant Berringer as occurring on April 17, 1935, give rise to a reasonable inference that defendant Gilmore found the money now held by the bank on that date and not at any earlier date. Furthermore both on direct examination and on cross-examination, defendant Berringer gave testimony which included the conversation between herself and defendant Gilmore on their visit to the bank on April 17, 1935. This testimony clearly shows that defendant Gilmore found the envelope containing the money in the wastebasket at the bank on that day and just prior to the time that defendant Berringer saw the money in the lap of defendant Gilmore. Plaintiff objects to this evidence as being hearsay and incompetent (Code of Civil Procedure, section 1845). ▮ We need not consider whether such statements of defendant Gilmore constituted competent evidence as statements against interest for even if it were incompetent, no objection or motion to strike was made with respect thereto. It is settled that hearsay evidence, admitted without objection, is sufficient to support a finding. (*Powers* v. *Board of Public Works,* 216 Cal. 546 [15 P.2d 156]; *Parsons* v. *Easton,* 184

Cal. 764 [195 P. 419]; *Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 176 Cal. 461 [168 P. 1037]; *Lucy* v. *Davis*, 163 Cal. 611 [126 P. 490]; *Yule* v. *Miller*, 80 Cal.App. 609 [252 P. 733].)

Thus far the discussion has been directed at the sufficiency of the evidence to support the finding that the sum now held by the bank was found by defendant Gilmore on April 17, 1935. This was not the only consideration, however, which justified the conclusion that the currency found by defendant Gilmore was not the currency lost by plaintiff. The currency which plaintiff claimed to have lost consisted of $1150 contained in one wrapper. The currency found was contained in two wrappers. The currency which plaintiff claimed to have lost was contained in an envelope bearing the writing "Alice give to Aunt Bert. Brother Bill." The currency found was contained in an envelope bearing only the writing "$1150." Plaintiff could not testify definitely as to the time of his alleged loss of his currency but he surmised that it was on February 23, 1935, as that was the only time that he and defendant Gilmore visited the safe deposit vault on the same day. It appears, however, that defendant Gilmore gained access to her safe deposit box an hour and a half before plaintiff gained access to his safe deposit box on that day and, in any event, as above indicated, the testimony showed that the money found by defendant Gilmore was found on April 17, 1935, and not prior thereto. Resolving the conflicts in the evidence in favor of the findings of the trial court, we conclude that there was ample evidence to sustain all the material findings against plaintiff.

The other contentions of plaintiff appear to be likewise without merit. The findings amply sustain the judgment entered. With respect to the failure of the trial court to rule upon plaintiff's motion to dismiss the cross-complaint of defendant Gilmore, the alleged error could not have been prejudicial to plaintiff as the trial court found against said defendant on said cross-complaint by reason of the admitted failure of defendant Gilmore to commence proceedings under sections 1864 to 1871 of the Civil Code within the time prescribed by said sections.

The judgment is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.