[Civ. No. 22751.   Second Dist., Div. One.   June 27, 1958.]

MYRTLE FORD, Appellant, v. CIVIL SERVICE COMMIS-
SION OF THE COUNTY OF LOS ANGELES et al.,
Respondents.

G. G. Baumen for Appellant.

Harold W. Kennedy, County Counsel, and Joel R. Bennett, Deputy County Counsel, for Respondents.

FOURT, J.—This is an appeal from a judgment denying and discharging an alternative writ of mandate and denying a peremptory writ of mandate decreeing that appellant take nothing by her action.

The appellant, a clerk who had attained permanent civil service status in the recorder's office of the county of Los Angeles, was, by letter dated August 30, 1955, suspended as of September 1, 1955, and discharged September 30, 1955. Pursuant to a written demand, a hearing was had before two members of the three-man Civil Service Commission of the County of Los Angeles in November, 1955. The commission found that such discharge was proper, and that the facts and reasons given justified her discharge. Thereafter, a petition for a writ of mandate was filed in the superior court upon the claim and ground that the commission acted in an arbitrary and capricious manner, and that hearsay evidence had been presented as a basis of the charges, and that there was no competent evidence presented to support the charges made.

The trial court found that the civil service commission proceeded as required by law, that there was substantial evidence to support the findings, that the findings supported the charges, that the charges were sufficient to justify the discharge, and thereupon entered the judgment from which the appeal is taken.

. The appellant now contends that there was no substantial evidence before the civil service commission to support the findings of the commission; that the hearing before the commission was neither full nor fair, and that the commission proceeded without, or in excess of its jurisdiction in this matter.

The civil service commission made a final order November 30, 1955, discharging the appellant from her position. The petition for the writ of mandate was served October 8, 1956, and filed December 6, 1956. An alternative writ of mandate was applied for about January 3, 1957, but was refused be-

cause, among other reasons, the county recorder was not made a party defendant. An amended petition was filed January 9, 1957, and an alternative writ issued January 21, 1957. Hence it was 13 months after the final order of the commission before an effective petition was filed. Appellant apparently made no claim to back salary, but only for reinstatement, and therefore any defense of laches by the respondents under the particular facts here set forth is not well taken. (See *Kimberlin* v. *Los Angeles City High School Dist.*, 115 Cal.App.2d 459 [252 P.2d 344]; *Jones* v. *City of Los Angeles*, 120 Cal.App.2d 858 [262 P.2d 37]; *Hayman* v. *City of Los Angeles*, 17 Cal.App.2d 674 [62 P.2d 1047].)

Marjory Beucler, a head clerk in the recorder's office, testified that appellant was under her supervisory capacity and that on a number of occasions, she had spoken to the appellant in relation to her work. When asked if she could remember the dates upon which the talks were had she indicated there were a number of such conversations and that she had some records in her handwriting which she could refer to, and that she could not give the information without referring to the pages of the records prepared by her.

Miss Beucler was then asked questions with reference to what her records revealed as to what was done and said on many specific dates. There was no objection to any such questions, and the witness gave her answers. Appellant's counsel, at one stage of the proceedings while Miss Beucler was testifying, stated, "May the record show that the witness is reading from her memorandum. I think the memorandum should be introduced for identification." Counsel for the department stated, "We will be glad to do so." Appellant's counsel cross-examined the witness at length about the entries in her records, and during such cross-examination they were marked for identification.

Ray Lee, the County Recorder, testified that he had a meeting in his office with the appellant, the purpose of which was to acquaint her with charges against her, which were to the effect that she had been guilty of insubordination, had failed to do her work properly, had falsified records, and so forth, and to give her an opportunity to disprove such charges. With appellant's consent, a tape recording of what was said at such meeting was made. Miss Beucler, as the head clerk in charge of the index division, where the appellant had been employed, Mr. Daley, the Chief County Deputy Recorder, and John Bugg, as Secretary of the Committee on Human Rela-

tions (an official concerned with matters involving racial discrimination and prejudice), were present. The witness stated that the meeting lasted about two and one-half hours, and that about 10 persons were called in and asked questions; further it was stated that the witness had called upon Marjory Beucler in such meeting to read from her notes regarding the conduct of the appellant, and that she had done so.

Counsel for the department offered the notes into evidence. Appellant's attorney stated: "No objection. . . ." It was then brought out from the witness that after Miss Beucler had gone over the note material appellant made an explanation about them, stating, "essentially that they were not true."

Near the conclusion of the hearing before the civil service commission, counsel for the department again stated, "We should, at this time, like to offer all of our exhibits for evidence that have been marked for identification." Appellant's counsel stated, "I have only one objection. They may all go in except the recheck sheet of Mr. Myles. I don't think there is any foundation for that." The records or notes of Miss Beucler, among other items, were then received in evidence.

The notes heretofore referred to, which were introduced into evidence without objection, revealed that the appellant was "stalling on her checking of her work;" that she pretended not to understand certain directions; that she was admonished not to go to other desks in the office; that she wasted time and was not up to the work schedule; that she was told not to go outside of the department, and although reminded of such direction, did leave and when the matter was called to her attention said, "I will do as I please." She was directed to Miss Beatty but refused to go at first. The notes also revealed that her work was done unwillingly and she would not comply with directions, and that she made many errors, failed to get along with the other employees and created a great deal of dissension.

There were other witnesses who testified before the civil service commission, in substance and to the effect that the appellant failed to do her work accurately and promptly; that appellant referred to a coworker as "a white folk's nigger," and that she was always watching to see whether other workers were being assigned less work than was the appellant.

Furthermore, there was evidence that appellant carried on a campaign of personal abuse against her fellow workers and would refer to them in terms of vulgarity and violence, which, if true, certainly impaired her ability to concentrate upon

her own work. She was also resentful when mistakes in her work were called to her attention.

There was a work log admitted into evidence which disclosed that appellant was not a good employee; she made many more mistakes than the average employee. Too, there was substantial evidence to the effect that appellant purported to correct entries on the temporary indices of grantees and grantors by erasing and rewriting, or by writing over letters and figures appearing thereon which were originally correct. She would then enter such fraudulent corrections in her daily sheet as errors which she had found and corrected. She made no reasonable explanation of such conduct.

We are convinced under the facts and circumstances of this case that the documents, records and evidence were all properly received.

It is not our function to weigh the evidence which was before the superior court. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301 [196 P.2d 20].)

The appellant failed to make objections to the evidence of which she now complains. We think she waived any right to complain thereafter about the procedure, but in any event the records of Miss Beucler were merely cumulative. (See *Shaver* v. *United Parcel Service,* 90 Cal.App. 764 [266 P. 606].)

The general rule is stated by McCormick on Evidence, page 126, in section 54, which reads in part as follows:

"A failure to make a sufficient objection to evidence which is incompetent waives as we have seen any ground of complaint of the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of whatever rational persuasive power it may have. The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. Such incompetent evidence, unobjected to, may be relied on in argument, and alone or in part may support a verdict or finding." (See also *People* v. *Averett,* 54 Cal.App.2d 625, 628 [129 P.2d 739]; *People* v. *Judson,* 128 Cal.App. 768 [18 P.2d 379]; *Manney* v. *Housing Authority,* 79 Cal.App.2d 453 [180 P.2d 69]; *Weiss* v. *Bank of America,* 57 Cal.App.2d 892 [135 P.2d 584]; *Tieso* v. *Tieso,* 67 Cal.App.2d 872 [155 P.2d 659]; *Keim* v. *D. B. Berelson & Co.,* 105 Cal.App.2d 154 [233 P.2d 123].)

A complete reading of the transcript of the proceedings in this case leads us to believe that the hearings in each instance were full and fair.

■ Appellant now insists that because the civil service commission is advised by a member of the staff from the county counsel's office, and the department is also represented by another member of the county counsel's staff, that such presents "a cozy situation" and is reversible error. Whether it was cozy or dismal and cheerless makes little difference if it was entirely fair and proper. Under our law, an administrative agency can even be both the prosecutor and the judge in the same matter. (*Murphy* v. *Board of Medical Examiners,* 75 Cal.App.2d 161 [170 P.2d 510].) There is no evidence that the deputy county counsel who advised the commission did anything other than that which was wholly proper.

■ Appellant's next contention is that in this cause only two of the three commissioners were present for the hearing, and that therefore she did not have a hearing before a full commission. Code of Civil Procedure, section 15, and Civil Code, section 12, read as follows:

"Words giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them, unless it is otherwise expressed in the act giving the authority."

Rule 4.09 of the civil service commission provides that the concurrence of only two members is necessary to any action of the commission.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.