[Civ. No. 60458. Second Dist., Div. Three. May 28, 1981.]

KENNETH H. ROWEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, Respondent.

634

COUNSEL

Rowen, Swanson & Rose, Jerold Alan Rose and Arnold Mentz for Petitioner.

Richard W. Younkin, William B. Donohoe, Dexter W. Young and Valerie Westen for Respondent.

OPINION

**POTTER, J.**—Petitioner Kenneth H. Rowen, an attorney, seeks review and annulment of an en banc order of the respondent Workers' Compensation Appeals Board (WCAB)[1] adjudging him in contempt of the WCAB and ordering him to pay a fine of $500. Simply stated, petitioner contends that the finding of contempt should be annulled by this court as: (1) petitioner was denied a speedy determination of the contempt charge; (2) the WCAB committed procedural irregularities during the contempt proceedings; and, (3) substantial evidence does not support the finding of contempt.[2]

---

[1]Herein, unless expressly indicated to the contrary, by referring to the WCAB we mean the seven commissioners of the WCAB (Lab. Code, § 111) appointed by the Governor (Lab. Code, § 112) and not to workers' compensation judges.

[2]Petitioner denominates his petition as one for a writ of review. Actually, his petition is one of certiorari. (*Loustalot v. Superior Court* (1947) 30 Cal.2d 905 [186 P.2d 673]; *Marcus v. Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 598, 601, fn. 3 [111 Cal.Rptr. 101].) However, we may properly treat the petition as if petitioner had properly requested a writ of certiorari. (*Carmona v. Division of Industrial Safety* (1975) 13 Cal.3d 303, 308-309, fn. 4 [118 Cal.Rptr. 473, 530 P.2d 161]; *In re Coleman* (1974) 12 Cal.3d 568, 572, fn. 2 [116 Cal.Rptr. 381, 526 P.2d 533]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, §§ 183-184, pp. 3942-3944.)

We do not believe that the WCAB has failed to provide petitioner with a prompt determination of the contempt charge against him to the extent that a dismissal of the charge is required. We do hold, however, that the finding of contempt must be annulled and the matter remanded for retrial as the WCAB has failed to comply with the procedures mandated by Code of Civil Procedure sections 1217 and 1218. As we annul the WCAB's finding of contempt on that basis, we need not reach petitioner's final contention that substantial evidence does not support the WCAB's finding of contempt.

I

Preliminarily, we must address the WCAB's assertion that petitioner may not seek relief from this court as he failed to seek first reconsideration by the WCAB. The WCAB refers us to the well-established rule that pursuant to Labor Code section 5904 failure to raise an issue via a petition for reconsideration precludes the raising of the issue for the first time upon a petition for writ of review. (*Cedillo v. Workmen's Comp. Appeals Bd.* (1971) 5 Cal.3d 450, 456 [96 Cal.Rptr. 471, 487 P.2d 1039]; *U.S. Auto Stores v. Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 476-477 [93 Cal.Rptr. 575, 482 P.2d 199]; but see, *Mathews v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 719, 738 [100 Cal.Rptr. 301, 493 P.2d 1165]; *General Insurance Co. of America v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 278, 282-285 [163 Cal.Rptr. 537].)

A petition for reconsideration, however, is not a condition precedent to seeking review of a finding of contempt by the WCAB. (*Marcus v. Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 598, 601, fn. 3.) "No right to reconsideration of a contempt order exists under Labor Code section 5900. The proper remedy is a petition for writ of certiorari or, in the case of a jail sentence, an application for a writ of habeas corpus, addressed in either instance to the Court of Appeal. (*Loustalot v. Superior Court,* 30 Cal.2d 905 [186 P.2d 673]; 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 14.03 (3)(c))." (*Marcus, supra,* 35 Cal.App.3d at p. 601, fn. 3.) Thus, failure by petitioner to seek reconsideration by the WCAB does not preclude judicial review by this court.[3]

---

[3]While not a prerequisite to a petition for writ of certiorari, this does not necessarily mean that the WCAB may not entertain a petition for reconsideration of a finding of contempt. (See *In re Contempt of Hill* (WCAB en banc opinion, 1980) 45 Cal.Comp. Cases 272, 284.)

## II

Petitioner represented the defendant employer in a workers' compensation case pending before the appeals board. On July 28, 1978, a conference hearing on that matter was held before Workers' Compensation Judge Nash. When petitioner first had an opportunity on August 10, 1978, to review the minutes of the hearing prepared by WCJ Nash (Lab. Code, § 5313; WCAB Rules of Prac. & Proc. (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) § 10566), petitioner became upset over various errors made in the minutes by WCJ Nash.[4] Since petitioner was at the local office of the appeals board at that time, he sought out WCJ Nash to speak with him, admittedly *ex parte*, about the errors.

Petitioner found WCJ Nash in conference with WCJ Perman in the latter's chambers. The WCAB has found that petitioner entered WCJ Perman's chambers and initiated an exchange where petitioner made more than "a polite request" of WCJ Nash to change or correct the minutes of the hearing. The WCAB asserts as the basis for its finding of contempt that in making the request to change the minutes petitioner acted in an aggressive and offensive manner. Specifically, petitioner purportedly walked up close to WCJ Nash, spoke to him in a loud and aggressive manner, refused to leave WCJ Perman's chambers when repeatedly directed to do so by WCJ Nash after WCJ Nash told petitioner to put his request for correction of the minutes in writing, made threats to embarrass WCJ Nash unless the minutes were changed, insulted WCJ Nash by asking him if the judge reads what he signs, and derided the ability of WCJ Nash to use the English language.

## III

Petitioner contends that the finding of contempt should be reversed and further proceedings against him on the contempt charge should be barred as the WCAB failed to provide him with a speedy adjudication of the contempt charge.

The alleged contemptuous conduct occurred on August 10, 1978. On August 23, 1978, WCJ Nash transmitted to the WCAB a declaration under penalty of perjury setting forth petitioner's conduct. The WCAB issued an order to show cause on November 22, 1978. Hearings were

---

[4]The WCAB acknowledges the minutes of hearing prepared by WCJ Nash were indeed wrong or inaccurate in several respects.

held on December 22, 1978, and April 23, 1979. The WCAB issued its decision on contempt on August 6, 1980.

By enacting Labor Code section 134 the Legislature has vested the WCAB with the power to punish for contempt.[5] (*Marcus v. Workmen's Comp. Appeals Bd., supra*, 35 Cal.App.3d 598, 604.) Herein, an indirect contempt of the WCAB is involved as the alleged contemptuous conduct was committed outside the presence of the WCAB. (See *Marcus, supra*, at pp. 603-605; 14 Cal.Jur.3d, Contempt, § 3, p. 9.) Accordingly, being an indirect contempt, the WCAB must "proceed by way of order to show cause supported by affidavit (Code Civ. Proc., §§ 1211, 1212)." (*Marcus, supra*, 35 Cal.App.3d at p. 604.)

There is no specified statutory limitation of time within which a determination of contempt must be made. In cases of *direct* contempt, the question is one of whether the delay deprived the court of jurisdiction. (*In re Foote* (1888) 76 Cal. 543, 544 [18 P. 678]; *In re Grossman* (1930) 109 Cal.App. 625, 632 [293 P. 683].) Thus, a delay of 50 days from the occurrence of the alleged contemptuous conduct until the adjudication proceedings for the contempt was held in *In re Foote, supra*, to deprive the court of jurisdiction to punish for a direct contempt. "[T]hat rule [, however,] does not apply in the case of an *indirect* contempt proceeding instituted by order to show cause and supported by affidavit." (*Marcus v. Workmen's Comp. Appeals Bd., supra*, 35 Cal. App.3d at p. 604.) Rather, in cases of *indirect* contempt of the WCAB we must examine the facts to determine whether it can be said that the WCAB has lost jurisdiction in this matter. (*Id.*, at pp. 604-605.)

The only prior published appellate opinion that has addressed this question with respect to the WCAB is *Marcus v. Workmen's Comp. Appeals Bd., supra*, 35 Cal.App.3d 598. There the alleged contemptuous conduct occurred on September 8, 1971, an order to show cause issued on June 16, 1972, a hearing held on September 14, 1972, and the WCAB did not issue its decision until December 14, 1972, a period of one year and three months after the alleged incident. Part of the delay there was due to the fact that the WCAB held off on the contempt pro-

---

[5]Labor Code section 134 provides in pertinent part: "The appeals board or any member thereof may issue writs or summons, warrants of attachment, warrants of commitment and all necessary process in proceedings for contempt, in like manner and to the same extent as courts of record."

ceedings until disciplinary proceedings pursuant to Labor Code section 4907 were evaluated by the WCAB and part was due to the attorney's request for additional time to engage in pretrial discovery. The WCAB acknowledged to the court that it would have been "preferable to proceed in a more expeditious manner." (*Marcus* v. *Workmen's Comp. Appeals Bd., supra,* at p. 604.) The court, however, did not annul the finding of contempt on the basis that the WCAB had not proceeded in a timely fashion regarding the contempt proceedings. The court stated: "In the absence of a showing of prejudice to the petitioner, we conclude that the delay in instituting the contempt proceedings, partly due to the action of petitioner, was not unreasonable." (*Id.,* at pp. 604-605.)

In the present matter, the WCAB did proceed fairly diligently until the last hearing of April 23, 1979. The real delay here is from that last hearing until August 6, 1980, when the WCAB issued its finding of contempt. It must be noted that the proceedings before the WCAB did not involve just this one count of contempt of which petitioner seeks review, but rather the WCAB was concurrently considering another separate count of contempt and also disciplinary action against petitioner by the WCAB pursuant to Labor Code section 4907.[6]

In any event, by itself, the delay from the submission of the matter at the last hearing on April 23, 1979, until the WCAB issued its decision on August 6, 1980, cannot be said to have deprived the WCAB of jurisdiction or deprived petitioner of due process. (Cf. *Janet* v. *Industrial Acc. Com.* (1965) 238 Cal.App.2d 491, 497 [47 Cal.Rptr. 829].) In addition, petitioner has not shown any prejudice by reason of any delays by the WCAB. (*Marcus, supra,* 35 Cal.App.3d at pp. 604-605.) Accordingly, we will not annul the WCAB's finding of contempt on the basis that the WCAB failed to proceed diligently in this matter.

■ Petitioner also objects to the procedure whereby the WCAB assigned a special counsel, Robert S. Rivkin, to act as prosecutor in the contempt proceeding and at the same time Mr. Rivkin *allegedly* acted as advisory counsel to the WCAB on the very same proceeding.

It has been said: "In general, the fact that an administrative agency is both accuser and judge is not considered to deprive the accused of due process of law. (*Hohreiter* v. *Garrison* [(1947)] 81 Cal.App.2d

---

[6]The other contempt charge and the disciplinary action were dismissed by the WCAB at the time it issued its finding of contempt in this matter.

[384], 392.) We see no reason why, this being so, the same trained personnel cannot legally advise and assist the agency in both functions if such assistance does not violate any statutory provisions and if the agency itself makes the actual decision." (*Chosick* v. *Reilly* (1954) 125 Cal.App.2d 334, 338 [270 P.2d 547]; see also, *Griggs* v. *Board of Trustees* (1964) 61 Cal.2d 93, 98 [37 Cal.Rptr. 194, 389 P.2d 722].) There have been, however, situations where an attorney, in the same proceeding, being both advocate before and advisory counsel to a tribunal has resulted in a denial of due process. (*Universal Cons. Oil Co.* v. *Byram* (1944) 25 Cal.2d 353, 361 [153 P.2d 746]; *Midstate Theatres, Inc.* v. *County of Stanislaus* (1976) 55 Cal.App.3d 864, 870-876 [128 Cal.Rptr. 54].)

Quite clearly the WCAB may assign one or more members of its staff to act as investigators and prosecutors in a particular contempt proceeding and still have *other* members of its staff act as advisory counsel in the WCAB's internal adjudicatory process in that same matter. (*Ford* v. *Civil Service Commission* (1958) 161 Cal.App.2d 692, 697 [327 P.2d 148].) While we have serious reservations about the WCAB, in the same *contempt* proceeding, assigning a member of its staff or outside counsel to act both as prosecutor in the trial stage and advisory counsel to the WCAB in its decision making process, we need not decide this issue. The record does not reveal that Mr. Rivkin, in fact, engaged in such dual capacity in the present proceeding. (*Ford, supra,* 161 Cal.App.2d at p. 697.) Petitioner should have developed the record to clearly demonstrate that Mr. Rivkin was engaging in both functions. At present, we find no good cause to decide this issue for which the record does not reveal support for such allegation.

■ Petitioner's most serious attack on the WCAB's contempt procedure is that he did not have a hearing before those who found him in contempt. While the entire complement of seven commissioners adjudicated the contempt charge, it was only Commissioner Gaines who presided at the hearings. The rest of the WCAB determined the matter in absentia after reviewing the documentary evidence, transcripts and pleadings. Even Commissioner Gaines did not preside at the hearings as the trier of fact; rather, as he announced at the time of the first hearing, Commissioner Gaines was only then acting as "hearing officer" for the WCAB and was present only to make rulings on trial motions and to maintain orderly proceedings.

In *Marcus* v. *Workmen's Comp. Appeals Bd., supra*, 35 Cal.App.3d 598, the WCAB had referred the hearing on the contempt charge to a referee (who is now called a "workers' compensation judge"). The referee presided only at the hearing; the finding of contempt was made by the WCAB after reviewing the transcripts and the documentary evidence. The court in *Marcus* held that this procedure was invalid. The court first noted that "the power to punish for contempt is a judicial power of the highest degree that the Legislature has, pursuant to the provisions of Labor Code section 134, vested exclusively in the 'appeals board or any member thereof,' and is a power which may not be delegated by the appeals board to a referee." (*Id.*, at p. 604.) The court annulled the finding of contempt on the basis that the hearing must be held before the WCAB or a member thereof, stating: "Assuming, however, that Labor Code section 134 confers upon the 'appeals board *or any member thereof*' the power to punish for contempt 'in like manner and to the same extent as courts of record,' sections 1217 and 1218 of the Code of Civil Procedure would apply.[7] In the case of an indirect contempt, section 1217 of the Code of Civil Procedure provides that '... the *court or judge* must proceed to investigate the charge, and *must hear any answer* which the person arrested may make to the same, and may examine witnesses for or against him ...' (italics added). The board's procedure in assigning a referee to hear the matter and thereafter adjudicating petitioner in contempt in absentia, on the basis of a transcript of the proceedings, was not in accordance with the statute or with due process. Petitioner is entitled to appear before and be heard by the tribunal which pronounces judgment upon him (see *Arthur* v. *Superior Court*, 62 Cal.2d 404, 408-409 [42 Cal.Rptr. 441, 398 P.2d 777])." (*Marcus, supra*, 35 Cal.App.3d at p. 605.) (Italics in original.)

The WCAB here believes that it has complied with *Marcus* merely by holding the contempt hearing before one of the commissioners of the WCAB and then having the entire WCAB participate in the adjudica-

[7] Section 1217 of the Code of Civil Procedure provides as follows: "When the person arrested has been brought up or appeared, the *court or judge* must proceed to investigate the charge, and *must hear any answer* which the person arrested may make to the same, and may examine witnesses for or against him, for which an adjournment may be had from time to time if necessary." (Italics added.)

Section 1218 of the Code of Civil Procedure provides, in part, as follows: "Upon the answer and evidence taken, the *court or judge* must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five hundred dollars ($500), or he may be imprisoned not exceeding five days, or both." (Italics added.)

tion of contempt. Unfortunately, the WCAB fails to understand the full reach of the *Marcus* decision. Labor Code section 134 requires that the WCAB proceed in contempt proceedings in the same manner as courts of record. Accordingly, the WCAB must follow the applicable provisions of the Code of Civil Procedure pertaining to contempt. (Code Civ. Proc., § 1209 et seq.) Pursuant to the Code of Civil Procedure and as noted in *Marcus*, the person who hears the evidence must decide the case. As the *Marcus* court stated: "Petitioner is entitled to appear before and be heard by the tribunal which pronounces judgment upon him." Thus, if all seven members of the WCAB are to decide a contempt matter, all seven must preside at the hearing, receive the documentary evidence, and hear the testimony. They may not "adjudicat[e] petitioner in contempt in absentia." (*Marcus, supra*, at p. 605.) If only one commissioner of the WCAB is to hear the testimony then *that WCAB commissioner alone must adjudicate the contempt.* Labor Code section 134 permits a single member of the WCAB to adjudicate contempt matters. Indeed, having all seven members of the WCAB decide routine contempt matters would appear to us a tremendous waste of the WCAB's time.

To reiterate, the WCAB's procedure herein of having one member of the WCAB preside at the contempt hearing and then all seven adjudicate the contempt is not in accord with the Code of Civil Procedure requirements for contempt proceedings.

IV

The order adjudicating petitioner in contempt is annulled and the matter is remanded to the WCAB with directions to afford petitioner a hearing before the member or members of the WCAB who are assigned to participate in the adjudication of the contempt charge.

Klein, P. J., and Cobey, J., concurred.