[No. B031934. Second Dist., Div. One. Apr. 26, 1989.]

JOHNNIE GRIFFITH, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, MEL ADAMS
et al., Respondents.

**COUNSEL**

Kenneth H. Rowen for Petitioner.

Hopper & Holmes, Douglas R. Holmes, C. Robert Bakke, William B. Donohoe and Neil P. Sullivan for Respondents.

## OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Applicant Johnnie Griffith seeks review of a decision of respondent Workers' Compensation Appeals Board (Board) allowing respondent Pacific National Insurance Company (Pacific) a credit for the full amount of applicant's recovery in a third party action without deduction of attorney's fees and expenses.

### STATEMENT OF FACTS

On January 6, 1977, applicant sustained injuries when she was struck by an automobile while employed by Mel Adams, insured by Pacific.

In August 1985 the workers' compensation judge (WCJ) awarded applicant $18,340 in permanent disability indemnity and other compensation benefits.

Applicant also maintained a civil action for damages against a third party (operator of automobile), resulting in a settlement whereby applicant received a gross recovery of $15,000. After deduction of attorney's fees and costs, applicant's net recovery in the civil action was $9,237.

Pacific then filed a petition in the workers' compensation proceedings requesting credit in the amount of "$9,200.00 or other sums according to proof based on the applicant's recovery in [the] third party case."

The WCJ found Pacific is entitled to credit "for the full $15,000."

In his report on reconsideration, the WCJ noted Labor Code section 3861 provides for credit to the employer where the applicant has obtained a third party recovery;[1] section 3860, subdivision (c), provides for deduction of

---

[1] All section references herein are to the Labor Code unless otherwise noted.

Section 3861 provides: "The appeals board is empowered to and shall allow, as a credit to the employer to be applied against his liability for compensation, such amount of any recovery by the employee for his injury, either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorneys' fees, pursuant to the provisions of Sections 3856, 3858, and 3860 of this code, or has not been applied to reimburse the employer."

Section 3860 provides: ". . . (c) Where settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the

attorney fees and reasonable expenses from the employer's credit where settlement is effected in a third party action; and section 3860, subdivision (f), requires the amount of expenses and attorney fees to be set by the court or the Board. Interpreting these sections in the light of *Cunningham* v. *Industrial Acc. Comm.* (1965) 30 Cal.Comp.Cases 406, writ denied, the WCJ concluded "unless the employee's attorney gets approval from the court or the Board of the amount of expenses and attorney fees, these amounts cannot be deducted from the employer's credit."

The Board panel adopted the reasons stated in the WCJ's report and denied reconsideration.

We originally denied applicant's petition for review of the Board's decision; however, the Supreme Court granted applicant's petition for review and transferred the matter to this court with directions to issue a writ of review.

## DISCUSSION

In *Quiros* v. *State Comp. Ins. Fund* (1988) 86 BG 105-065, 16 Cal. Workers' Comp. Rptr. 277, reported after the Supreme Court issued its transfer order in the instant case, a Board panel annulled a WCJ's decision allowing a workers' compensation insurance carrier credit in the full amount ($15,000) of the applicant's third party recovery without deduction of applicant's attorney fees ($5,200) and expenses ($708.02). That Board panel concluded section 3860, subdivision (f), does not specify the time in which the Board must rule on the amount of attorney fees and expenses, and does not provide applicant must raise the issue in any specified way; and, since the insurer's petition for credit necessarily placed the amount of credit in issue and the evidence provided a breakdown of the settlement proceeds sufficient to establish an adequate basis for the WCJ to determine what the credit should be, the issue of reduction in the amount of credit was raised before the WCJ and could not be avoided on the ground the Board had not previously set attorney fees and expenses. (*Quiros* v. *State Comp. Ins. Fund, supra,* 16 Cal. Workers' Comp. Rptr. 277.) Hence, the Board panel in *Quiros* set the amount of credit at $9,091.98 (gross amount of settlement less attorney fees and expenses), rescinded the WCJ's decision, and issued a decision allowing the reduced credit amount. (*Ibid.*)

The contemporaneous administrative construction of a statute by the Board, as the administrative agency charged with its enforcement and

employee. [¶] . . . (f) The amount of expenses and attorneys' fees referred to in this section shall, on settlement of suit, or on any settlement requiring court approval, be set by the court. In all other cases these amounts shall be set by the appeals board. Where the employer and the employee are represented by separate attorneys they may propose to the court or the appeals board, for consideration and determination, the amount and division of such expenses and fees."

interpretation, while not necessarily controlling, is of great weight; and courts will not depart from such construction unless it is clearly erroneous or unauthorized. (*Cannon* v. *Industrial Acc. Comm.* (1959) 53 Cal.2d 17, 22 [346 P.2d 1]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 633, 638 [211 Cal.Rptr. 683].)

 The interpretation of the applicable statutes by the Board panel in *Quiros* v. *State Comp. Ins. Fund, supra,* 16 Cal. Workers' Comp. Rptr. 277, is patently reasonable, unlike the contrary interpretation by the WCJ and Board panel in the instant case.[2] ██ The panel decision in *Quiros* is also consonant with the fundamental principle that provisions of the Workers' Compensation Act be liberally construed in favor of extending benefits to the injured worker. (Cal. Const., art. XIV, § 4; Lab. Code, § 3202; *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626-627 [170 Cal.Rptr. 32, 620 P.2d 618]; *Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d at pp. 637-638; see *Johnson* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 241 [207 Cal.Rptr. 857, 689 P.2d 1127] ["section 3202 'requires the courts to view the [Workers' Compensation Act] from the standpoint of the injured worker, with the objective of securing for him the maximum benefits to which he is entitled.' "].)

██ In the instant case, Pacific's petition for credit necessarily placed the amount of credit in issue and the stipulation of the parties provided a specific breakdown of the settlement proceeds from the third party action. Hence, the WCJ and Board, in determining the credit allowable to Pacific, should have deducted from the $15,000 gross recovery the stipulated amount of applicant's attorney fees and costs, leaving a credit of $9,237.

██ Pacific asserts that irrespective of the *Quiros* case, Pacific is entitled to credit for the full amount of the third party recovery because Pacific was precluded from participating in the third party action due to applicant's failure to give Pacific notice of the third party action as required by section 3860.

This asserted notice issue was not specifically raised at the trial level; no evidence was presented on the issue at the trial before the WCJ or on

---

[2] In this regard it is noteworthy that the Board, at the request of the panel in the instant case, has directed a letter to this court suggesting that the court take judicial notice of the *Quiros* panel decision. We may consider the *Quiros* decision as direct authority, since a Board panel decision reported in the California Workers' Compensation Reporter is a properly citable authority, especially as an indication of contemporaneous interpretation and application of workers' compensation laws. (*Industrial Indemnity Co.* v. *Workers' Comp. Appeals Bd., supra,* 165 Cal.App.3d at pp. 639-640; see *Nick Hagopian Drywall* v. *Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767, 772-773 [251 Cal.Rptr. 455]; *Rivera* v. *Workers' Comp. Appeals Bd.* (1987) 190 Cal.App.3d 1452, 1457 [236 Cal.Rptr. 28]; *Anderson* v. *Workers' Comp. Appeals Bd.* (1981) 116 Cal.App.3d 954, 957 [172 Cal.Rptr. 398]; *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 877, 880, fn. 2 [163 Cal.Rptr. 246].)

reconsideration before the Board; the issue was not mentioned in the WCJ's findings, memorandum of opinion, or report on reconsideration; it was not specifically raised in applicant's petition for reconsideration, or in Pacific's answer thereto; and it was not mentioned in the Board's decision after reconsideration.[3]

Having failed to specifically raise the notice issue and present evidence thereon at the trial level, Pacific is precluded from raising it on review in this court. (Lab. Code, § 5904; *Cedillo* v. *Workmen's Comp. Appeals Bd.* (1971) 5 Cal.3d 450, 456 [96 Cal.Rptr. 471, 487 P.2d 1039]; *U.S. Auto Stores* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 469, 476-477 [93 Cal.Rptr. 575, 482 P.2d 199]; *Roza* v. *Argonaut Ins. Co.* (1985) 79 SBA 27817, 14 Cal. Workers' Comp. Rptr. 21, 22 [issue not raised before WCJ].) The Board, not the court, was the proper forum to determine this factual issue.[4]

The December 4, 1987, order denying applicant's petition for reconsideration is annulled, and the matter is remanded to the Board for further proceedings consistent with the views expressed herein.

Hanson, J., and Devich, J., concurred.

A petition for a rehearing was denied May 19, 1989, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied July 12, 1989.

---

[3] In its answer to applicant's petition for reconsideration, Pacific "argues that the award of full credit was proper, but requests reconsideration on the penalty issue only." The Board addressed the penalty issue in its decision after reconsideration, and adopted the reasons reported by the WCJ on the other issues before the Board on reconsideration.

[4] As to the asserted failure of applicant to notify Pacific of the third party action, it appears from statements in the letter briefs submitted by the parties that despite reasonable and diligent efforts by applicant to determine Mel Adams was her employer and Pacific was Mel Adams's insurer, applicant was unable to determine Pacific was the insurer until after the third party action had been settled.