[Civ. No. 14263. Second Dist., Div. Three. Mar. 14, 1944.]

HAROLD YOUNG, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION et al., Respondents.

Charles A. Son for Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

BISHOP, J. pro tem.—In this proceeding we are invited to annul an order of the respondent commission denying a petition to reopen the case. The petition was based on the ground that the award which had been made was wrong, working an injustice to the petitioner. The problem presented is whether a party, claiming to be aggrieved by an award, but who failed to apply for a rehearing within the statutory time limit, can obtain a judicial review of the award by the expedient of petitioning for a reopening of the case. We have reached the conclusion that the validity of the award may not be presented for review in this way.

This matter has engaged the attention of the commission many times. It began in April, 1940, when the petitioner applied for an adjustment of his claim, alleging that his lungs had been injured in the autumn of the previous year while he was spraying with a solution of caustic soda and trilite. Findings and an award were filed June 28, 1940, reciting that petitioner had injured his back. A rehearing was requested and granted, the back injury being another matter, and on August 13, 1940, a Decision After Rehearing Granted was filed wherein an injury to petitioner's upper respiratory tract was found to have been sustained, but no award made because the resulting disability did not exceed seven days. A petition to reopen on the ground of new and further disability was filed, granted, and new findings were made December, 1940, entitled "Decision on Petition to Reopen." In addition to the finding that "Harold Young . . . while employed as a laborer in the latter part of September, 1939 . . . sustained injury arising out of and occurring in the course of said employment to the upper respiratory tract," it was declared that the petitioner was entitled to medical care, and the possibility of some permanent disability was recognized.

Six months later, June 10, 1941, a petition was filed to reopen the action in order to prove the extent of petitioner's disability. Evidence was taken, at some length, resulting in an order filed in September, 1941, denying the petition to reopen. In the following February a petition for a permanent disability rating was filed, a further hearing had, and then on July 23, 1942, new findings and award were filed by way of an amendment to the December, 1940, Decision on Petition to Reopen. Again it was found that petitioner had been injured, and then this finding was made: "Said injury

caused permanent disability consisting of chronic atrophic rhinitis; chronic atrophic pharyngitis and laryngitis; chronic tracheo-bronchitis. The percentage of said permanent disability which followed the injury herein is 39½ per cent. At the time of the injury said applicant was suffering from a pre-existing nasal and bronchial condition, and this Commission now finds that a proper apportionment between said pre-existing condition and injury is to charge 50 per cent of the permanent disability to injury and 50 per cent of said permanent disability to pre-existing condition, the injury having aggravated such pre-existing condition.'' An award in accordance with the finding followed, service of the award being made at once upon the employee, his attorney, and others. The employer petitioned for a rehearing, August 12, 1942, which was promptly denied. The employee, the petitioner before us, did not file a petition for a rehearing, but on February 16, 1943, some six months after the time to apply for a rehearing had expired (sec. 5903, Lab. Code) he filed a petition to reopen, from which we quote extensively enough to show its scope. ''NOW COMES APPLICANT and for good cause to reopen the award of July 23, 1942, herein, alleges as follows:

''I. That Finding No. 2 of said award is erroneous, as a matter of law, in deducting $1,287.70 from the amount awarded to applicant, and that no deduction at all should have been made because of the apportionment set out in said finding.

''II. In support of the foregoing allegation of error, applicant's position may be briefly stated as follows:

''(a) The 'pre-existing nasal and bronchial condition,' to which was charged 50% of the permanent disability, arose out of this same defendant's employment and was so adjudged in the award of December 6, 1940. . . .

''(b) The pre-existing nasal and bronchial condition was not such an active and progressive disease as legally supports an apportionment. . . .'' The commission denied the petition to reopen, a rehearing was requested and denied, and a petition for a writ of review inaugurated the pending proceedings.

 The first argument of the commission to engage our attention is its contention that it was without power to grant the petition to reopen the case because all that the petitioner sought was a re-examination of the award upon the circumstances existing and known to it when it made its findings

and award. The premise expressed in this contention is sound; the petitioner presented, in support of its request that the award be reopened, no new fact nor any circumstance unknown to the commission when it acted on July 23, 1942. Petitioner's plea was simply this: reconsider and correct your decision. If, therefore, the statement which the commission quotes from *Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.* (1936), 6 Cal.2d 314 [57 P.2d 501], is to be given its face value, the order denying the petition to reopen was the only one that could properly have been made. The statement referred to is this (p. 316) : "It is self-evident, we think, that if the words, 'good cause appearing' are to have any place or purpose in said statutory provision, the power of the commission to change its former orders or awards may not be predicated upon a mere change of opinion by the commission as to the correctness of its original decision, but there must exist some good ground, not within the knowledge of the commission at the time of making the former award or orders, which renders said original award or orders inequitable. In the absence of any such circumstance justifying a reexamination of the controversy, the commission is powerless to act, and the former award or orders are final and invulnerable." If *Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.* has the effect of overruling *Bartlett Hayward Co.* v. *Industrial Acc. Com.* (1928), 203 Cal. 522 [265 P. 195], then the order under review is unquestionably valid. There is no express overruling of the earlier case, however; indeed, it is referred to as "[t]he leading case." Perhaps the Merritt-Chapman & Scott case is to be understood as applying its rule only in cases where the commission is asked to change its opinion as to a finding of fact. If so, then the Bartlett Hayward Co. case continues to control where the commission is asked, as it was in this case, to change its opinion as to the law which it should apply. (See *Colonial Mutual Comp. Ins. Co.* v. *Industrial Acc. Com.* (1941), 47 Cal.App.2d 487 [118 P.2d 361].) In the Bartlett Hayward Co. case the commission came to the conclusion, four years after it had made an award, that it had, through "mistake or inadvertence," followed the wrong rule of law, and corrected its award to avoid the mistake. (See *Standard S. Mfg. Co.* v. *Industrial Acc. Com.* (1929), 208 Cal. 532, 536 [282 P. 948], and *Sale* v. *Railroad Commission* (1940), 15 Cal.App. 612, 616 [104 P.2d 38, 41].)

We are of the opinion that whichever case is controlling we should not, in this proceeding, annul the order denying the petition to reopen. If the only course the commission could properly take was to deny the petition, the order of denial was of course proper. If, on the other hand, it should be held that the commission, under its continuing jurisdiction, could have made an order reopening the case to correct the award because of an error of law, nevertheless the petitioner is in no position to complain to us that the commission exceeded its jurisdiction in not exercising it in his favor.

These provisions of the Labor Code are pertinent to our consideration of the conclusion just expressed: "Sec. 5302. All orders, rules, findings, decisions, and awards of the commission shall be prima facie lawful and conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the commission or upon a review by the courts within the time and in the manner specified in this division." "Sec. 5900. Any person aggrieved directly or indirectly by any final order, decision, or award of the commission, made or entered under any provision contained in this division, may petition the commission for a rehearing in respect to any matters determined or covered by the final order, decision, or award, and specified in the petition for rehearing. Such petition shall be made only within the time and in the manner specified in this chapter." "Sec. 5901. No cause of action arising out of any final order, decision, or award shall accrue in any court to any person until and unless such person files a petition for rehearing, and such petition is granted or denied. . . ."

"Sec. 5903. At any time within twenty days after the service of any final order, decision or award of the commission granting or denying compensation, or arising out of or incidental thereto, any person aggrieved thereby may petition for a rehearing upon one or more of the following grounds and no other: (a) That the commission acted without or in excess of its powers. . . . (c) That the evidence does not justify the findings of fact. . . . (e) That the findings of fact do not support the order, decision, or award. . . ." "Sec. 5904. The petitioner for rehearing shall be deemed to have finally waived all objections, irregularities, and illegalities concerning the manner [?] upon which the rehearing is sought other than those set forth in the petition for rehearing." "Sec. 5906. Upon filing of a petition for a rehearing,

if the issues raised thereby have theretofore been adequately considered by the commission, it may determine the same by confirming without hearing its previous determination. If a rehearing is necessary to determine any of the issues raised, the commission shall order a rehearing and consider and determine the matter or matters raised by such application. . . ." "Sec. 5907. If at the time of granting a rehearing, it appears to the satisfaction of the commission that no sufficient reason exists for taking further testimony, the commission may reconsider and redetermine the original cause without setting a time and place for further rehearing." "Sec. 5908. If after rehearing and a consideration of all the facts, including those arising since the making of the order, decision, or award involved, the commission is of the opinion that the original order, decision, or award, or any part thereof, is in any respect unjust or unwarranted, or should be changed, the commission may rescind, alter or amend it. . . ." "Sec. 5950. Within thirty days after the petition for a rehearing is denied . . . any person affected thereby may apply to the supreme court or to the district court of appeal of the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award. . . ."

We have stated that petitioner is in no position to have us review the award of July 23, 1942. His position is very much like that of a party who, having failed to take a timely appeal from a judgment, moves to set the judgment aside and then appeals from the order denying his motion. His appeal being from a special order made after judgment is apparently authorized. (Code Civ. Proc., sec. 963.) But, it is generally held and for the purposes of the analogy we need not be more precise, if the grounds of the motion would have appeared in the record on an appeal from the judgment, an appeal from the order denying the motion will not be entertained. (*Home Owners' Loan Corp.* v. *Engelbertson* (1942), 54 Cal.App.2d 46, 48 [128 P.2d 424], and cases cited.) The action of the commission with which the petitioner finds fault is embodied in the findings and award of July 23, 1942. Had he petitioned for and been denied a rehearing of that action, he could have brought the findings and award before us for review. Having failed to apply for

a rehearing within the time limit fixed by the code he cannot accomplish the same purpose by a petition to reopen, that petition differing in form only, not in its substance, from a petition for a rehearing.

Our conclusion, that we may not review the findings and award of July 23, 1942, in this proceeding, is supported not only by the analogy to which we have referred, but by expressions of judicial opinion. In *Kennedy* v. *Industrial Acc. Com.* (1920), 50 Cal.App. 184, 187, 188 [195 P. 267, 269], we find these thoughts expressed as the court was painstakingly considering the scope of the provisions of the Workmen's Compensation Act as revised in 1917 (Stats. 1917, p. 874): ''Sections 64 and 65 of the Workmen's Compensation Act relate to the matter of rehearings before the commission. Section 64 provides that persons aggrieved by any award of the commission may apply to the commission for a rehearing in respect to matters determined by it of which they complain. That section likewise prescribes the procedure for making and serving the application for rehearing and for the determination thereof by the commission. Section 65 states the grounds upon which applications for rehearing may be made, and provides that application for such rehearing by the commission must be made by the aggrieved party 'at any time within twenty days after service of any final order or decision of the commission awarding or denying compensation, or arising out of or incidental thereto.'

''By section 67 it is provided that 'within thirty days after the application for a rehearing (by the commission) is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby' may apply to the supreme court or to a district court of appeal for a writ of review to determine the lawfulness of the award or final decision of the commission.

''By subdivision b of section 55 it is provided that all findings, decisions, and awards of the commission shall be conclusively presumed to be lawful until and unless they are modified or set aside by the commission, or upon a review by the courts as in the act specified, 'within the time and in the manner herein specified.'

''As applied to a rehearing by the commission on the application of an aggrieved party, the foregoing provisions are

susceptible of but one construction. From the language of section 65 and subdivision b of section 55, it clearly appears that a party aggrieved by the award or final decision of the commission, notwithstanding he may have good cause for a rehearing by that body, cannot, as strict matter of right, demand such rehearing unless, within twenty days after service of the decision awarding or denying compensation, he file with the commission his application for a rehearing. These provisions of the act apply to rehearings that are initiated by a party to the proceeding. Under these provisions the right of a party thus to initiate proceedings for a rehearing is conditioned by his obligation to do so within twenty days after service of the commission's final decision or award.

"But there are other provisions of the act under which, good cause appearing therefor, the commission itself, on its own initiative, or on its attention being called to facts showing good cause, and at any time within 245 weeks from the date of the injury, may rescind, alter, or amend any decision or award made by it." Such limitation upon its approval of these quoted statements as may be found in the Supreme Court's opinion rendered upon a denial of a hearing of the case, was removed by its remarks concerning it in the Bartlett Hayward Co. case (p. 530). The significance of the following statement in the Bartlett Hayward Co. opinion, made in the course of the court's reasoning (pp. 534-535), is apparent when we recognize the "provisions of sections 64 and 65" as being before us in the provisions which we have quoted from the Labor Code: "In view of the foregoing provisions of sections 64 and 65 it is argued by the petitioners that since the employee in the present proceeding made no application for a rehearing before the Commission, and by that means did not seek to correct the award and obtain the lawful rating on his total permanent disability, he not only became estopped from seeking redress in the courts, but the power of the Commission to act in the premises was exhausted. It is clear from the terms of subdivision (b) of section 64 that the employee Slate was barred from resorting to the courts for redress by his failure to apply for a rehearing, but from that fact it would not follow that the Commission was estopped from exercising its continuing jurisdiction when invoked by the employee or on the Commission's own motion."

The conclusions of the two courts contained in the quo-

*tations* just made cannot be disposed of by calling them dicta; dicta or not, the conclusions are sound. The provisions of the Workmen's Compensation Act referred to are now embodied in the Labor Code; former section 55 (b) now appearing as section 5302, and former sections 64 and 65 now appearing as sections 5900-5908. We have, then, these steps provided by statute whereby a judicial review may be obtained of an aggrieving action by the commission. A petition for a rehearing is authorized, if filed within twenty days of service of the award. If the petition for a rehearing is denied, application to the proper court may be made for a writ of review within thirty days. Nowhere is statutory provision made for a petition to reopen; that is but a practical method whereby a party may call a situation to the attention of the commission with the expectation that if good cause appears the commission will exercise its continuing jurisdiction. If the commission declines to reopen the case, however, the issuance of a writ of review is not authorized. If a basis can be secured for the judicial review of an award by petitioning for a rehearing of a petition to reopen (on no new ground) then the twenty day limitation placed upon the right to petition for a rehearing becomes meaningless, for a petition to reopen where no new factor is presented differs from a petition for a rehearing in name and form only. We are of the opinion that the Legislature had no intention of authorizing a judicial review of an award to follow an aggrieved party's petition filed, not within twenty days after service of the award, but possibly years later.

To avoid any possible doubt about the matter, we repeat that we have been considering a case where a petition to reopen an award had been filed in support of which no point was made that could not have been presented upon a petition for a rehearing of the award upon the record upon which the award was based. If a petition to reopen should be made upon the ground that time had demonstrated that facts which had been found to exist, did not exist, or that they had changed, a situation would be presented with which we are not confronted and concerning which we are expressing no opinion.

■ The petitioner endeavored, in his petition to reopen, to avoid the consequences of the fact that he had not sought a rehearing of the award of July 23, by allegations explaining

how the fact came to be. His explanation is that he did not feel aggrieved by the award, when made, because he believed, from a letter written by the commission in May, 1942, that they were going to hold a hearing to determine who, if anyone, was responsible for the half of the disability for which no allowance was made. Whatever else may be said about this explanation, we are of the opinion that it cannot be given the effect of substituting the petition to reopen in the place of the absent petition for a rehearing, so as to authorize us to review the findings and award by which petitioner now finds himself to be aggrieved.

The order is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 11, 1944.