[Civ. No. 43318. Second Dist., Div. Five. July 2, 1974.]

WILBUR D. ROYSTER, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
CONSOLIDATED FIRE PROTECTION DISTRICT,
COUNTY OF LOS ANGELES et al., Respondents.

■■■■■■■■■■■■■■■

## COUNSEL

Louis R. Stein for Petitioner.

Charles Lawrence Swezey, Sheldon C. St. Clair, John H. Larson, County Counsel, Milton J. Litvin, Deputy County Counsel, T. Groezinger, James J. Vonk, George S. Bjornsen and Robert A. La Porta for Respondents.

## OPINION

**STEPHENS, J.**—Petitioner Wilbur D. Royster seeks review and annulment of the opinion and decision of the Workmen's Compensation Appeals Board denying his petition for reconsideration and petition to reopen.

Petitioner was a construction superintendent for the County of Los Angeles Road Department. On June 7, 1967, petitioner filed for cumulative injury to heart and back during the period of employment March 1, 1947 through February 28, 1967. On January 21, 1971, it was found that petitioner had sustained an industrially caused, cumulative injury to his heart and back. The combined injury resulted in a partial permanent disability rating of 30½ percent. No petition for reconsideration was filed. Petitioner went back to work. Later in that same year he suffered a major heart attack. Petitioner then claimed cumulative heart injury for the period 1967-1971. He was awarded a 69½ percent rating of permanent disability (100 percent less the previous award of 30½ percent), and that award became final. Petitioner later moved to reopen the second claim (71 VN 31861) on the ground that the earlier entitlement from the initial claim (67 LA 390120) should have been apportioned between the heart and back injuries. According to petitioner, his later entitlement should be increased proportionately to the amount the earlier entitlement was based upon a rating of disability due to back injury. The petition to reopen was denied. Petitioner subsequently moved to have the board reconsider the petition to reopen. The petition to reconsider was likewise denied.

In his petition for review, petitioner raises the same contention that was raised before the board on the petition to reopen and the subsequent petition for reconsideration after denial of his petition to reopen. ■ However, we are of the opinion that this court lacks a jurisdictional basis to consider the petition for review and therefore the petition must be dismissed.

■■■■■■■■■

Procedurally, this case is before this court from the denial of petitioner's petition for reconsideration. In the normal course of events this would provide us with a jurisdictional basis for review (Lab. Code, § 5950). However, the petition for reconsideration is bottomed on the petition to reopen. Petitioner may not cure his failure to seasonably seek judicial review of the board's decision by the device of a later filed petition, basing his right to review on the denial of that petition, when in fact he is seeking review of the basic decision. Under an identical factual pattern in *Young v. Ind. Acc. Com.*, 63 Cal.App.2d 286, 294 [146 P.2d 693], the court stated: ". . . The provisions of the Workmen's Compensation Act referred to are now embodied in the Labor Code; former section 55(b) now appearing as section 5302, and former sections 64 and 65 now appearing as sections 5900-5908. We have, then, these steps provided by statute whereby a judicial review may be obtained of an aggrieving action by the commission. A petition for a rehearing is authorized, if filed within twenty days of service of the award. If the petition for a rehearing is denied, application to the proper court may be made for a writ of review within thirty days. Nowhere is statutory provision made for a petition to reopen; that is but a practical method whereby a party may call a situation to the attention of the commission with the expectation that if good cause appears the commission will exercise its continuing jurisdiction. If the commission declines to reopen the case, however, the issuance of a writ of review is not authorized. If a basis can be secured for the judicial review of an award by petitioning for a rehearing of a petition to reopen (on no new ground) then the twenty-day limitation placed upon the right to petition for a rehearing becomes meaningless, for a petition to reopen where no new factor is presented differs from a petition for a rehearing in name and form only. We are of the opinion that the Legislature had no intention of authorizing a judicial review of an award to follow an aggrieved party's petition filed, not within twenty days after service of the award, but possibly years later."[1] Thus, the issue is reduced to the question of whether petitioner had the right to effect judicial review of the board's denial of his petition to reopen.

We are aware that the court in *Young* voiced the admonition that no opinion was being expressed on the question of whether a right of judicial review would exist where the grounds urged as supplying "good cause" did not exist at the time the petition for reconsideration should have been filed. (63 Cal.App.2d at p. 294.) However, we believe that even if such a

---

[1] The petition to reopen was filed more than a year after the decision in 71 VN 31 861 was filed. This is clearly outside the 20-day period set forth in Labor Code section 5903 for the filing of a petition for reconsideration by a person aggrieved by a decision of the board.

right of review does exist, petitioner does not fall within the exception provided. Petitioner's claim is premised on the fact that the initial award was not apportioned according to the mandate of *Hegglin* v. *Workmen's Comp. App. Bd.,* 4 Cal.3d 162 [93 Cal.Rptr. 15, 480 P.2d 967]. *Hegglin* held that in situations involving multiple disabilities arising out of a single injury[2] "the Board must, in any instructions it may direct to the rating bureau, fully describe each separate factor of disability. Any overlap of the factors of disability thus described is adequately taken into account, and the pyramiding of disabilities is properly avoided, by application of the multiple disabilities rating schedule." (*Id.,* at p. 174.) In petitioner's case, the partial permanent disability rating of 30½ percent for cumulative injury to the heart and back was not so apportioned. Moreover, since the *Hegglin* decision was rendered after the findings and award were made on the first claim (67 LA 390120), "good cause" existed for the board to reopen that claim under section 5803 of the Labor Code. (*Bartlett Hayward Co.* v. *Industrial Acc. Com.,* 203 Cal. 522, 532-533 [265 P. 195]; 1 Hanna, *supra,* § 9.02[2].) However, the petitioner has expressly declined to challenge the decision rendered on the first claim. Rather, petitioner has limited his challenge to the subsequent decision (71 VN 31861), which is the avowed subject of this petition for review. The decision in 71 VN 31861 was rendered by the referee on April 24, 1972. The decision in *Hegglin* was filed February 23, 1971. As is readily apparent, the grounds urged by petitioner as supplying justification for reopening were existent at the time a petition for reconsideration of the second claim should have been filed. This rule is expressed in *Young* v. *Industrial Acc. Com., supra* (at pp. 288-289): "The first argument of the commission to engage our attention is its contention that it was without power to grant the petition to reopen the case because all that the petitioner sought was a re-examination of the award upon the circumstances existing and known to it when it made its findings and award. The premise expressed in this contention is sound; the petitioner presented, in support of its request that the award be reopened, no new fact nor any circumstance unknown to the commission when it acted on July 23, 1942. Petitioner's plea was simply this: reconsider and correct your decision. If, therefore, the statement which the commission quotes from *Merritt-Chapman & Scott Corp.* v. *Industrial Acc. Com.* (1936) 6 Cal.2d 314 [57 P.2d 501], is to be given its face value, the order denying the petition to reopen was the only one that could properly have been made. The statement referred to is this (p. 316): 'It is self-evident, we think, that if the words, "good cause ap-

---

[2] A cumulative injury is regarded as one injury rather than as a series of individual or "specific" injuries. (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 11.01[2] [c].)

pearing" are to have any place or purpose in said statutory provision, the power of the commission to change its former orders or awards may not be predicated upon a mere change of opinion by the commission as to the correctness of its original decision, but there must exist some good ground, not within the knowledge of the commission at the time of making the former award or orders, which renders said original award or orders inequitable. In the absence of any such circumstance justifying a reexamination of the controversy, the commission is powerless to act, and the former award or orders are final and invulnerable.' "

As in *Young,* the instant case presents no "new fact or circumstance unknown to the [board]" at the time a petition for reconsideration should have been made. It appears, therefore, that no jurisdictional basis exists for this court to review the board's decision in claim No. 71 VN 31861. Since, by petitioner's own declaration, this is the only decision of the board before this court, the petition for review must be dismissed.

The petition is dismissed.

Kaus, P. J., and Hastings, J., concurred.