Opinion
FILES, P. J.
Petitioners Kaiser Foundation Hospitals and Southern California Permanente Medical Group (hereinafter Kaiser) seek review of an award made July 28, 1977. They contend the Workers’ Compensation Appeals Board (hereinafter Board) erred in holding that part of Kaiser’s lien for the value of medical services was barred by the statute of limitations. Kaiser asserts this contention based upon the arguments that the defense of statute of limitations was waived and/or that the statute of limitations may not be applied to its lien. Since we find that there was a waiver of the defense of statute of limitations as to Kaiser’s lien, we need not reach Kaiser’s contentions regarding the application of the statute of limitations.

*42
Relevant facts

On or about October 29, 1974, Sylvia J. Kramer (hereinafter applicant) filed a claim for workers’ compensation death benefits (Lab. Code, § 4700 et seq.) which alleged that her spouse, Ronald A. Kramer (hereinafter decedent) who was employed by respondent Vomado, Inc., dba Two Guys Department Stores (hereinafter Vomado) during the period commencing January 1, 1969, to and including September 22, 1974, sustained injury arising out of and occurring in the course of said employment to his heart which resulted in his death on September 22, 1974.
Kaiser provided medical treatment to decedent for his heart condition and hypertensive cardiovascular disease during the period prior to and up to decedent’s death. On or about April 1, 1975, Kaiser filed a lien in the workers’ compensation proceedings in the amount of $7,010.55 for reimbursement for the costs of such medical treatment. (See Lab. Code, § 4903, subd. (b).)
Vomado denied decedent’s heart disease, hypertension and resulting death were the result of employment at Vomado and refused to pay any death benefits. The matter came on for hearing before the workers’ compensation trial judge. Among the issues at that hearing were: “Injury arising out of and occurring in the course of employment to the heart, resulting in [decedent’s] death on September 22, 1974”; “Liability for self procured medical treatment”; “Lien claims”; and “Statute of Limitations.”
Thereafter the judge issued a finding and award, dated July 13, 1976, which held that decedent’s death was industrially related and that applicant was entitled to workers’ compensation death benefits. Of importance here are findings of fact numbers 6 and 8 which stated:
“6. Defendants [Vomado] failed to furnish medical treatment when necessary and [decedent and/or applicant] incurred expense therefor. The amount of such treatment is to be adjusted by the parties, including but not limited to the lien claim of Kaiser Permanente Medical Center in the sum of $7,010.55.”
“8. Defendants [Vomado] failed to sustain the burden of proof re Statute of Limitations.”
*43 Vomado then sought reconsideration (for purposes of clarity this petition for reconsideration will be called the “initial petition for reconsideration”), contending that substantial evidence did not support the judge’s finding of industrial injury. In the initial petition for reconsideration, Vomado did not challenge the judge’s finding concerning the statute of limitations. The Board denied reconsideration and Vomado did not seek appellate review at that time.
Subsequently, Kaiser admitted that $751.75 of the charges identified in Kaiser’s lien was for medical treatment provided prior to decedent’s employment with Vomado. Kaiser offered to accept $6,258.80 in full satisfaction of its lien but this was rejected by Vomado. Being unable to “adjust” Kaiser’s lien, the parties requested a hearing be set on the matter.[1]
After a hearing on June 3, 1977, the judge issued a supplemental findings and award dated June 9, 1977, which awarded $6,243.80 to Kaiser in full satisfaction of its lien. Vomado then sought reconsideration (hereinafter, for purposes of clarity, this petition for reconsideration will be called the second petition), contending Kaiser’s lien was barred all or in part by the statute of limitations in that more than one year prior to the time the claim was filed Kaiser “knew or should have known” that decedent’s heart condition was compensable.
In reply to the second petition, in his report of trial judge on petition for reconsideration, the judge recommended Vomado’s petition for reconsideration be denied, stating in part:
“At the hearing of March 11, 1976, defendant raised the issue of Statute of Limitations. By Findings and Award issued July 13, 1976, defendant was found not to have sustained the burden of proof on that issue. (Finding No. 8.) By Finding No. 6, reimbursement of the hen of Kaiser Permanente was awarded but subject to adjustment. Defendant then petitioned on other grounds. This Petition on the Statute of Limitations is untimely.”
By an opinion and order filed July 28, 1977, the Board granted reconsideration. The Board concluded that Kaiser “knew or should have known” decedent’s cardiovascular condition was industrially related *44 more than one year before the claim was filed by applicant. The Board held that the statute of limitations barred that portion of Kaiser’s lien pertaining to the cost of treatment rendered earlier than one year before applicant filed her claim.

Discussion

The statute of limitations is an affirmative defense. (Lab. Code, § 5409.) In the findings and award of July 13, 1976, the trial judge made a general finding that Vomado had “failed to sustain the burden of proof re Statute of Limitations.” As this finding is unlimited by its terms, the inescapable conclusion is that such finding holds that no aspect of the claim before the judge, including Kaiser’s lien, was barred by the statute of limitations.[2]
Vomado’s failure to request Board review in the initial petition for reconsideration on the issue of statute of limitations is an effective waiver of the defense. (Lab. Code, § 5904; Cedillo v. Workmen’s Comp. Appeals Bd. (1971) 5 Cal.3d 450, 455-456 [96 Cal.Rptr. 471, 487 P.2d 1039]; U.S. Auto Stores v. Workmen’s Comp. App. Bd. (Brenner) (1971) 4 Cal.3d 469, 476-477 [93 Cal.Rptr. 575, 482 P.2d 199].) Such waiver cannot be remedied by Vomado’s attempt to relitigate the issue at the hearing of June 3, 1977. (Cf. Young v. Ind. Acc. Com. (1944) 63 Cal.App.2d 286 [146 P.2d 693]; Royster v. Workmen’s Comp. Appeals Bd. (1974) 40 Cal.App.3d 412 [115 Cal.Rptr. 210].)
Vornado argues that, since by the award of July 13, 1976, the judge left the hen claim of Kaiser to be “adjusted” by the parties that this necessarily left open the statute of limitations defense as to the lien. In this regard, Vornado notes that finding No. 8 of the July 13, 1976, award does not refer to finding No. 6. Further, Vornado argues it could not have sought reconsideration regarding the July 13, 1976, award as to Kaiser’s lien since that aspect of the award was not a “final order, decision or award” from which reconsideration could be sought.
*45 We cannot agree that leaving the hen of Kaiser to be “adjusted” preserved the right to raise the defense of statute of limitations, because the July 13, 1976, award contained an unqualified finding that Vomado failed to prove the defense of statute of limitations.
Interpreting the term “adjusted,” we must view it in light of the entire findings by the judge. Clearly, the term “adjust” cannot include the right to further litigation over the question of industrial injury, the statute of limitations, or whether Vomado failed to furnish medical treatment since the judge made express findings on these issues. By ordering the self-procured medical treatment to be adjusted by the parties, the judge thereby left it to the parties to go through the medical bills to determine whether: (1) the charges were, in fact, for the claimed industrial injury; (2) the medical services in question were reasonably necessary to attempt to cure or relieve from the effects of the industrial injury; and (3) the charges for the medical services were reasonable.[3]
We also reject Vomado’s contention that it could not have sought review in its initial petition for reconsideration on the issue of the application of the statute of limitations to Kaiser’s lien since the award of July 13, 1976, as to that question was not a final order, decision or award from which reconsideration could be sought.[4] “A petition for reconsideration may only be based upon a final order, decision or award of the Appeals Board or a referee. Such a final order, decision, or award, in the commonly accepted sense is one which determines any substantive right or liability of those involved in the case. The term does not include intermediate procedural orders which merely grant a petition for reconsideration, or a petition for reopening without affirmatively disposing of any of the issues involved.” (1 Hanna, Cal. Law of Employee Injuries and Workmen’s Compensation (2d rev. ed. 1977) § 7.01[4].) Both the question of the barring of all or part of Kaiser’s lien by application of *46 the statute of limitations and the question of Vomado’s liability for the lien, subject to “adjustment” by the parties, were decided by the award of July 13, 1976. A “final” decision was involved. It was only the amount of Vomado’s liability that was not yet final.
By failing to raise the issue in its initial petition for reconsideration, Vornado permitted the judge’s finding that Kaiser’s lien was not barred by the statute of limitations to become final. Because of this, Vomado was precluded from again litigating the issue in the supplemental proceedings now under review.
The Board’s opinion and order granting reconsideration and decision after reconsideration, dated July 28, 1977, is annulled and the matter is remanded to the Board for such further proceedings as may be consistent with this opinion.
Kingsley, J., and Jefferson (Bernard), J., concurred.

It should be noted that at the hearing on the “adjustment” of Kaiser’s lien, Vomado was represented by new counsel.

If Vornado desired the judge to make a separate finding regarding the application of the statute of limitations to Kaiser’s lien, it should have so requested it.
That Vornado first raised the statute of limitations at the hearing prior to the July 13, 1976, award in general terms and not with specific reference to Kaiser’s lien, further reinforces the conclusion that the statute of limitations finding by the judge covered all aspects of the case including Kaiser’s lien.

By leaving the self-procured medical treatment “to be adjusted” by the parties, the judge not only took a practical approach to the problem but properly placed the responsibility for going through the medical bills on the parties. The “adjustment” of self-procured medical bills is very often merely a clerical function and does not require judicial determination once the judge has determined the issue of the right to self-procured medical treatment.

Labor Code section 5900, subdivision (a) provides: “Any person aggrieved directly or indirectly by any final order, decision, or award made and filed by the appeals board or a referee under any provision contained in this division, may petition the appeals board for reconsideration in respect to any matters determined or covered by the final order, decision, or award, and specified in the petition for reconsideration. Such petition shall be made only within the time and in the manner specified in this chapter.” (Italics added.)